STATE OF MISSOURI at the Relation and to the Use of KANSAS CITY POWER & LIGHT COMPANY, a Corporation, Relator, v. PAUL A. BUZARD, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Division No. 8, and Presiding Judge of the Circuit Court of Jackson County, Missouri, at Kansas City.—No. 38242.—168 S. W. (2d) 1044.

Court en Banc, March 1, 1943.

*Ludwick Graves* and *James H. Ottman* for relator; *Johnson, Lucas, Graves & Fane* of counsel.

764

*Edgar Shook, David R. Hardy* and *J. H. Greene, Jr.,* for respondent; *Sebree, Shook & Gisler* of counsel.

 TIPTON, J.—This is an original action in prohibition. Relator challenges the jurisdiction of the circuit court in the case of Puritan Compressed Gas Corporation v. Kansas City Power and Light Company.

In that case, Counts I and II of the petition seek recovery of overpayments for electricity served by relator to plaintiff by a separate wire under relator's published schedule—"General Light and Power Rate"—in excess of charges for electricity for lighting, had it been furnished in combination with electricity for power, under relator's published schedule—"Primary Power (Off Peak) Other Than 13,200 Volts Untransformed and Unregulated Service"—to which plaintiff pleads it was entitled.

Counts III and IV seek recovery of overpayments for electric power supplied to plaintiff under defendant's published schedule—"Primary Power (Off Peak) Other Than 13,200 Volts Untransformed and Unregulated Service"—in excess of charges for electric power, had it been furnished under relator's published schedule—"Commercial Power (Off Peak) 13,200 Volts Untransformed Power Service (Where Available),"—to which plaintiff pleads it was entitled.

In other words, the petition alleges there were two schedules of rates filed and published with the approval of the Public Service Commission; the plaintiff was charged and paid the higher rate, when it should have been served under the lower rate; and it was entitled to reparation or rebate from the relator. The amount demanded in the petition is the difference between what it paid under the higher rate and what it claims it should have paid under the lower rate.

The relator contends the question of availability and applicability of rates and service is a matter exclusively conferred upon the Public Service Commission, and, since the petition nisi failed to allege the rates and service in question were found by the Public Service Commission to be available ▉▉▉ and applicable to the plaintiff, the respondent is without jurisdiction.

▉▉ The relator does not contend the Public Service Commission has jurisdiction to promulgate an order requiring a pecuniary reparation or refund. To this statement we agree. State ex rel. Laundry, Inc. et al. v. Public Service Commission et al., 327 Mo. 93, 34 S. W. (2d) 37. Relator, however, does contend that in the first instance, the Public Service Commission must first determine which of the two published rates and service is applicable to the plaintiff and after that fact has been determined by that body, then the plaintiff could bring an action in the courts for the money or damage prayed for in the petition.

▉▉ We have repeatedly held it is the exclusive jurisdiction of the Public Service Commission, in the first instance, to decide all matters placed within the Commission's jurisdiction by the Public Service Act. State ex rel. Cirese v. Ridge, 345 Mo. 1096, 138 S. W. (2d) 1012; State ex rel. Public Service Commission et al. v. Padberg, 346 Mo. 1133, 145 S. W. (2d) 150; State ex rel. Public Service Commission v. Blair, 347 Mo. 220, 146 S. W. (2d) 865.

▉▉ We agree with the respondent that the Public Service Commission is a body of limited jurisdiction and has only such powers as are expressly conferred upon it by the Statutes and powers reasonably incidental thereto. State ex rel. Empire District Electric Co. v. Public Service Commission et al., 339 Mo. 1188, 100 S. W. (2d) 509; Public Service Commission v. St. Louis-San Francisco Ry. Co., 301 Mo. 157, 256 S. W. 226.

▉▉ Relator contends that Sections 5686, 5645, and 5646, R. S. (Mo.) 1939, gives the Public Service Commission jurisdiction to de-

termine the proper classification that the plaintiff was entitled to with reference to the two rates in question.

Section 5686 provides:

"Complaint may be made . . . by any corporation or person . . . by petition or complaint in writing, setting forth *any act* or *thing done or omitted to be done* by any . . . public utility, including any rule, regulation or charge *heretofore established* or fixed by or for any corporation, person or public utility, in violation, or claimed to be in violation, of any provision of law, or of any rule or order or decision . . ." (Italics ours.)

Among the powers conferred upon the Public Service Commission, by Section 5646, are the following:

"Have power to require every . . . electrical corporation, . . . and municipality to file with the Commission . . . all rates and charges made, established or enforced or to be charged or enforced, . . . No corporation . . . shall charge, demand, collect or receive a greater or less or different compensation for any service *rendered or to be rendered* than the rates and charges applicable to such services as specified in its schedule filed and in effect at the time; . . . The commission shall also have power . . ., to carry into effect the provisions of this subdivision . . ." (Italics ours.)

Section 5645, in part, provides:

"No . . . electrical corporation, . . . shall directly or indirectly by any special rate, . . . or other device or methods, charge, demand, collect or receive from any person or corporation a greater or less compensation for . . . electricity, water or for any service *rendered or to be rendered* or in connection therewith, except as authorized in this chapter, than it charges, demands, collects or receives from any other person or corporation for doing a like and contemporaneous service with respect thereto under the same or substantially similar circumstances or conditions." (Italics ours.)

These statutes were construed in the case of State ex rel. Laundry, Inc. et al. v. Public Service Commission, supra.

In that case, the Commission had approved two rates for water service for the St. Louis County Water Company, and that utility has furnished these two laundry companies water for which they were charged the domestic rate. The laundry companies contended they should have been charged under the manufacturers' rate which was cheaper than the domestic rate. Those laundry companies filed a complaint before the Commission. On appeal, we held that the laundries were entitled to the manufacturers' rate, but that the Commission was without jurisdiction to pass on the question of reparation or rebate for overcharges.

In passing on that case, 34 S. W. (2d) l. c. 43, we said:

"Since the regulation and fixing of rates or charges for public utilities, and the classification of the users or consumers to whom such

rates or charges shall be applicable, is primarily a legislative function, it follows that the Public Service Commission, which is purely and simply an administrative agency or arm of the Legislature, is exercising a legislative or quasi legislative function in the performance of those powers which have been conferred upon it by the Public Service Commission Law, among which are the powers to regulate and fix rates or charges for public utilities, and to classify those users or consumers to whom such rates or charges shall be applicable. Such classification, in order to be valid, must comport with the rule or principle of sound legislative classification.''

In construing these statutes in light of that opinion, there can be no doubt that the Public Service Commission has exclusive jurisdiction to determine and classify which of two approved rates apply to a customer of a public utility.

We do not think the respondent seriously disputes this proposition, for, in his brief, he says the Public Service Commission has power ''to establish rates to be charged in the future, and to deal with reasonableness of rates and phases of service where the result to be determined is prospective and not retrospective.'' But the respondent contends that since this action is for overcharges for part of the year 1935 and prior years, he has jurisdiction to determine which of the two rates in question were applicable to the plaintiff in the case before him.

Section 5686, *supra,* permits any person or corporation to file a complaint with the Public Service Commission against a public utility where that utility has violated any provision of law, or any rule, order or decision of the Commission with reference to a ''charge heretofore established.''

Section 5646, supra, provides that the Public Service Commission shall have power to compel each utility to file with the Commission its schedule of rates to be charged for the various services rendered to its consumers, and that the utility can charge only the applicable rate for the service ''rendered or to be rendered'' as specified in its schedule so filed. It also provides that the Commission shall have power to enforce these provisions.

Applying these sections of the Act to the facts of this case, we find that if an electric utility has two approved rates and renders service to a consumer of electricity, charging the consumer the higher rate, and the consumer contends the service rendered puts him in the classification of the lower rate, then that consumer can file a complaint before the Commission for it to determine his proper classification in reference to the service rendered him under schedule to the two rates. The power of the Commission to classify is not limited to the service to be rendered, but it has power to determine the classification of the service rendered. This is true because the two above quoted sections say ''any service rendered or to be rendered.''

The Legislature, realizing that to make proper classification as to the service rendered and the applicable rate for such service, has wisely left the technical facts to be determined by experts of the Public Service Commission. The plaintiff recognized that in determining the proper classification to which it is entitled would require technical and expert knowledge and skill, for, in its petition, it says: "Plaintiff further alleges that the schedule of rates published and filed with the Public Service Commission of Missouri were highly technical and required expert knowledge to be understood; . . ."

Respondent relies upon our case of May Department Stores Co. v. Union Electric Light and Power Company, 341 Mo. 299, 107 S. W. (2d) 41, to sustain his position. That case did not involve which of two approved rates were applicable to the May Department Stores Company. It was a suit for an accounting. Briefly, the facts and issues in that case are as follows: In the year 1912, an electric utility made a contract with the plaintiff to furnish service for forty years at a stipulated rate. In 1913, the Public Service Commission was created. We held the Public Service Act abrogated the rate specified in the contract and that since the defendant had in legal effect taken over the utility that was a party to the original contract, the Union Electric Company's rate as approved by the Commission was the rate that the plaintiff should have been charged.

In passing on that case, we said:

"To recapitulate and attempt to clarify our rulings herein above made, we state our conclusions concerning the jurisdiction of the commission and courts as follows."

It is particularly the ninth paragraph of these conclusions that respondent relies upon. It reads as follows:

"Ninth. If a public utility has collected more from any one than the full amount of the rate established by the commission for the ▆▆▆▆ service rendered, such customer may recover the excess by appropriate action in the courts upon proof of a lawfully established rate applicable to such service and proof that more has been collected."

It is to be noted that this paragraph says ". . . upon proof of a lawfully established rate applicable to such service . . ." But it does not say what would constitute such proof and where that fact must be established in the first instance.

The facts and issues in that case are not similar to the facts and issues in the case at bar. It is not in point.

▆▆▆ Respondent cites cases from other jurisdictions. But as we said in the Cirese case, supra, "We adhere to the theory of the Commission's exclusive jurisdiction in the first instance."

From what we have said, it follows that our provisional rule should be made absolute. It is so ordered. All concur except Gantt, J., absent.