STATE OF MISSOURI at the Relation of J. E. TAYLOR, Attorney General of the State of Missouri, Relator, v. JAMES F. NANGLE, Judge of the Circuit Court of the City of St. Louis, Missouri, Division No. 3, Respondent, No. 41564—227 S. W. (2d) 655.

Court en Banc, February 13, 1950.

Rehearing Denied, March 13, 1950.

*J. E. Taylor,* Attorney General, *Arthur M. O'Keefe, C. B. Burns, Jr.,* and *Robert R. Welborn,* Assistant Attorneys General, for relator.

124

*Morris A. Shenker* for respondent.

CLARK, J.—Original prohibition to prevent the respondent circuit judge from proceeding further in a cause pending before him in the Circuit Court of the City of St. Louis, and to abate the orders heretofore made in such cause. .

The cause as to which prohibition is sought was filed on March 18, 1949, by Pioneer News Service, Inc., against the Southwestern Bell Telephone Company, praying for a mandatory injunction to compel the defendant to restore telephone service to the plaintiff and for a judgment for damages in the sum of $100,000.00.

On February 5, 1947, Phil M. Donnelly, then governor, and J. E. Taylor, attorney general, of Missouri, joined in a telegram to Southwestern Bell stating that telephone service supplied by it was being used by Pioneer News to register and record bets on horse races in violation of Section 4674 of our statutes. [All mention of statutes will refer to sections of Revised Statutes Missouri, 1939, and Mo. R.

S. A.] The telegram referred to a provision in the telephone company's tariff on file with the Public Service Commission, effective September 2, 1943, authorizing the discontinuance of telephone service upon notice from any law enforcement official that such service was being used as an aid in the violation of law, and requested the telephone company to discontinue service to Pioneer News.

On February 6, 1947, the telephone company disconnected all telephones, except one, in the possession of Pioneer News.

On March 18, 1949, more than two years later, Pioneer News brought the suit above mentioned against the telephone company. Respondent judge entered an order for the telephone company to show cause why a mandatory injunction should not be issued compelling it to restore telephone service to the plaintiff. On motion the attorney general was permitted to intervene and he and the telephone company filed separate motions to dismiss on the ground that the Public Service Commission had exclusive primary jurisdiction of the subject of the action. The telephone company also filed its return to the order to show cause.

On April 12, 1949, respondent entered his "finding of facts, conclusions of law, judgment and decree." He stated that "original jurisdiction of this action lies exclusively in the Public Service Commission," and that jurisdiction of the court is foreclosed except to the limited extent of prescribing the behavior of the parties while they await action by the Commission. He stated that the court had such limited jurisdiction because the Commission has no power to enforce temporary or interlocutory relief pending a hearing. He referred to an order of the Commission made in 1945 requiring the telephone company to continue service to Pioneer News and stated: "The court is aware that the Commission may find circumstances different from those in the case of 1945; but until the Commission does so, and such finding would seem to be within the exclusive jurisdiction of the Commission, the court is of the opinion that plaintiff's telephone service should be restored, and should be continued pending a determination by the Commission." The decree enjoined the telephone company from discontinuing service to Pioneer News until authorized to do so by order of the Commission or until further order of the court.

On April 15, 1949, the Public Service Commission entered an order reciting that the attorney general had called to its attention the order issued by respondent on April 12, 1949; that the action of the telephone company in discontinuing service had not been brought before it by Pioneer News; and authorizing the telephone company to discontinue such service under its tariff heretofore mentioned.

On April 18, 1949, on motion of Pioneer News, respondent entered a further order, calling attention to the order of the Commission on

October 4, 1945, by which the telephone company was ordered to continue to furnish service to Pioneer News until discontinued by mutual consent or further order of the Commission. Respondent stated that there had been no application for a rehearing of such order, and that the later order of the Commission, made on April 16, 1949, is void because made ex parte without notice. Respondent ordered that the injunction be kept in force until the further order of the court or until the ▮▮▮ order of the Commission dated October 4, 1945, be revoked or modified by the Commission in accordance with the statutes.

After unavailing motions, the attorney general filed in the Supreme Court the pending application for prohibition and the same is now at issue.

A great many decisions have been cited. We have examined them, but it will be necessary to discuss only a few of them. The legal correctness of no case cited is questioned by either party, but the parties seriously disagree as to the relevancy of some of the cases to the facts of the instant case.

▮▮ We agree with the cases cited by respondent as to the general nature of the writ of prohibition. Those cases and many others hold that the writ is not a writ of right, but its issuance in a given case is addressed to the sound discretion of the court. However, the chief purpose of the issuance of the writ by this court is to confine a lower court within its proper jurisdiction; that is, to prevent it from acting without or in excess of its rightful jurisdiction.

We do not agree with respondent's contentions that the writ is improper here either because relator has another adequate remedy or because the act sought to be prohibited has already been performed. Remedy by appeal is unavailable because no final judgment or appealable interlocutory judgment has been rendered. [Civil Code, Section 126.] For the same reason certiorari would not avail. [State ex rel. Walbridge v. Valliant, 123 Mo. 524, 27 S. W. 379; 28 S. W. 586.]

Ordinarily prohibition is preventive, rather than corrective, and issues to restrain the commission of a future act and not to undo an act already performed. Yet there is abundant authority that the remedy is available where a judicial body is proceeding without jurisdiction and some part of its action remains to be performed. If respondent was without jurisdiction to grant the injunction, its enforcement may be prohibited. [50 C. J., p. 662, sec. 18; same, p. 711, sec. 139; St. Louis, K. & S. Ry. v. Wear, 135 Mo. 230, 36 S. W. 357; State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695; State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S. W. 333; State ex rel. Schoenfelder v. Owen, 347 Mo. 1131, 152 S. W. (2d) 60.] In State ex rel. Railway v. Russell, 358 Mo. 1136, 219 S. W. (2d) 340, this

court modified an injunction granted by a circuit court. Cases cited by respondent are those in which the act sought to be prohibited had already been fully performed.

Our statutes, Sections 5663-5690, inclusive, vest in the Public Service Commission extensive control over public utilities including telephone companies. Specifically, the Commission, either upon its own motion or upon complaint of an interested party, may determine the reasonableness of rates to be charged and the adequacy of service to be performed by such utilities, and to require such service to be furnished to any person lawfully entitled thereto. The power to determine such matters, in the first instance, is vested exclusively in the Commission and not in the courts. [State ex inf. Barker v. K. C. Gas Co., 254 Mo. 515, 163 S. W. 854; State ex rel. Cirese v. Ridge, 345 Mo. 1096, 138 S. W. (2d) 1012; State ex rel. Kansas City Power and Light Company v. Buzard, 350 Mo. 763, 168 S. W. (2d) 1044.]

Respondent expressly concedes that exclusive primary jurisdiction is vested in the Commission to determine whether the telephone company is justified in discontinuing service to Pioneer News. But respondent contends that his court has jurisdiction of the subject matter and the parties in the cause pending before it and, as a court of equity, has power by mandatory injunction to place the parties in statu quo until the matter can be heard and determined by the Commission. He further contends that the Commission cannot grant such relief pending its final determination.

The Commission is not a court and has no power to render a judicial decision, but it can sue or be sued. It can resort to the courts to enforce its orders and such orders can be reviewed by a circuit court of proper venue, to wit, in a county where it holds a hearing or in Cole County where its principal office is located. [Section 5690.]

The injunction granted by respondent does not place the parties in statu quo as to the conditions which existed at the time the suit was filed. It reaches back more than two years before that time and orders restoration of telephone service which has not been furnished since February, 1947. To do that the order of respondent refers to an order of the Commission made in 1945. By that order the Commission refused to authorize the telephone company to discontinue service to Pioneer News, but neither the Commission nor Pioneer News has ever made any effort to enforce that order although it has not been complied with since February, 1947. Even in its petition in the instant suit, Pioneer News does not mention or rely upon the 1945 order or any other order of the Commission.

As stated, respondent expressly concedes that jurisdiction to finally decide the controversy is vested in the Commission; also that, notwithstanding the 1945 order, changed conditions may or may not

justify the telephone company in discontinuing service and that only the Commission, in the first instance, may determine that question. But, until the Commission takes further action, respondent contends that his court has the limited jurisdiction specified in its decree. Cases cited by respondent in support of that contention are not in point. State ex rel. Pub. Serv. Comm. v. Blair, 347 Mo. 220, 146 S. W. (2d) 865, was an original proceeding in this court to prohibit a circuit judge from determining and deciding a suit pending in his court. That suit was brought by a number of drayers and haulers against the Public Service Commission and certain law enforcement officers. Its purpose was to obtain a judgment declaring that the Bus and Truck Act did not apply to their operations and to restrain defendants from attempting to enforce it against them. We sustained plaintiffs' contention that the Act did not apply to them; that the Commission was entirely without jurisdiction to enforce it against them and, of course, could not prohibit the circuit court from acting.

Southern Railway v. Atlanta Stove Works, 128 Ga. 207, 57 S. E. 429, cited by respondent, was a suit for mandamus by a shipper to compel the railroad to accept a shipment at the rates which had been fixed by the State Railway Commission. The plaintiff prevailed against the defenses that he had another adequate remedy and that the rate was unreasonable. There was no question of venue or jurisdiction in the case and the opinion has no relevancy to the instant case.

State ex rel. Railway v. Russell, 358 Mo. 1136, 219 S. W. (2d) 340, has some similarity to the instant case, but does not sustain respondent's contention. That was an original proceeding in this court to prohibit a circuit court from exercising jurisdiction in a suit by certain employees of the railway to enjoin it from carrying out certain employment practices. We held that original jurisdiction to decide the controversy was vested in the Federal Mediation Board, but that the circuit court had jurisdiction to enjoin the discharge of the plaintiff employees until the Mediation Board could pass upon the matter or for a reasonable time to permit the jurisdiction of the Board to be invoked. There the effect of the temporary injunction was actually to preserve the status quo, that is, to prevent the employees from being discharged until the matter could be considered by the tribunal having jurisdiction. Here the injunction does not preserve the condition existing between the parties at the time of the institution of the suit, but usurps the original jurisdiction of the Commission to determine whether Pioneer News is entitled to a service which it has not had for more than two years before the suit was filed.

■ Besides, in the instant suit we have a question of venue, as distinguished from jurisdiction, which was not present in the case of State ex rel. v. Russell. Respondent concedes that, notwithstanding the Commission's 1945 order, changed conditions may have justified

discontinuance of telephone service in 1947. Whether changed conditions did justify that action, only the Commission has primary jurisdiction to decide. In fact, the Commission attempted to decide that question in its finding and order of April, 1949, wherein it granted to the telephone company permission to discontinue service. But, respondent says the later order of the Commission was made without notice or hearing and is void. We need not decide that question. Pioneer News appearing specially, unsuccessfully, asked the Commission to revoke that order. Under the statutes it could have obtained a speedy review by the circuit court of Cole County. Even if no order had been made by the Commission, its doors were and are open for an application by Pioneer News for restoration of service and it alone has primary jurisdiction of such an application with the right of review by the circuit court of the proper venue, to wit, Cole County or, if the hearing is held elsewhere, the county where the matter is heard; and *such court of proper venue* has power to make such orders as equity may authorize.

 Respondent says that the telegram from the governor and attorney general did not warrant the telephone company in discontinuing telephone service to pioneer news, citing Andrews v. Telephone Co., 83 Fed. Supp. 966. In that case the telephone company notified one of its customers that it had been informed by the United States District Attorney that she was using telephone service in aid of gambling operations and that such service would be discontinued on a certain date. The tariff of the telephone company purported to authorize such action upon notice and request of any law enforcement officer. The customer brought suit in the district court of the District of Columbia praying for a mandatory injunction. In effect, the opinion says that mere notice from a law enforcement officer does not justify a public utility in refusing to furnish service; ''to confer what would amount to judicial power on a law enforcement officer and to exercise such power ex parte would be violative of due process of law . . . .''

We agree with much that is said in that opinion, but we do not regard it as complete authority for respondent's position in the instant case. No temporary injunction was issued in that case and the question of the primary jurisdiction of the Public Utilities Commission of the District of Columbia was not discussed. The opinion does say, however, ''A public utility may refuse, and, in fact, must refuse, service if to its knowledge the service is being used for illegal purposes. This fact must, however, be established.''

''The telephone company, for example, may have a right, if it sees fit to do so, to request the United States Attorney to disclose whatever evidence he has in support of the information contained in the notice. The telephone company must make its own decision

whether the evidence is sufficient to justify discontinuance of the service."

In the instant case the notice from the governor and attorney general did not amount to a judicial finding of the facts stated therein and did not constitute full and complete authority for the telephone company to discontinue service. But, coming from the chief law enforcement officers of the State, it was not to be ignored or lightly considered. No doubt the telephone company could have applied to the Commission for permission to discontinue service. Apparently it was satisfied that the statements contained in the telegram were true and assumed the responsibility of discontinuing service. The *initial* jurisdiction to determine whether the action of the telephone company is legally justified is vested in the Public Service Commission and not in the courts.

Upon the record before us we hold that respondent is without jurisdiction to grant or enforce an injunction and our provisional rule in prohibition must be and is hereby made absolute. All concur.