STATE of Missouri, Plaintiff-Respondent,

v.

Richard BROWN, Defendant-Appellant.

No. 36575.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 26, 1976.

---

1. This case was overruled by *Thomas v. Elliott,* 215 Mo. 598, 114 S.W. 987 (1908), on another point.

Daniel B. Hayes, Hayes & Heisler, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Christopher R. Brewster, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George R. Westfall, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Judge.

Appellant, Richard Brown, was convicted of robbery in the first degree, § 560.120 RSMo 1969, and was sentenced by the court to 20 years in the custody of the Department of Corrections under the Second Offender Act, § 556.280 RSMo 1969. Appellant raises three points on this appeal: (1) that he was prejudiced by the improper endorsement of an additional state witness on the day of trial; (2) that the Second Offender Act was improperly applied to him; and (3) that the prosecutor coerced an important defense witness to refuse to testify.

At trial, the state proved that appellant and another man entered a Clark Service Station on January 29, 1974 where they brandished guns and forced the owner of the service station and a service station attendant to lie on the floor. The men took $600.00 in business receipts and a metal coin changer. As the men were leaving the service station, a police officer entered, and the station owner shouted that he had been robbed. Police officers chased the getaway car and found appellant and the car's owner, Mr. Burke, hiding together near the place where the getaway car had been abandoned. A metal coin changer was also found where the men had been hiding. Appellant was identified as a participant in the robbery. Mr. Burke was not identified as the second man who had robbed the service station and was released.

Appellant testified that an unknown man had forced appellant and Burke to drive him away from the scene of the robbery at gunpoint.

The appellant contends that the trial court "erred in allowing the prosecuting attorney to threaten and coerce a vital defense witness to the extent that he ultimately refused to testify." Mr. Burke, the owner of the getaway car, appeared at appellant's trial and was ready to testify in appellant's defense. Presumably, Burke would have corroborated appellant's version of the facts. Burke subsequently refused to testify following extensive questioning. The trial record pertinent to appellant's contention is as follows:

THE COURT: [Questioning witness Burke] . . . You don't have to tes-

tify against yourself. Are you aware of that?

A: I was aware of what he [defense counsel] told you.

THE COURT: If you testify here anything could be used against you if you were later charged with a crime arising out of this particular incident?

A: Yes.

THE COURT: You nevertheless want to testify. Is that correct?

A: Yes, sir.

THE COURT: Have you sought counsel, the counsel of a private lawyer?

A: No. I haven't.

THE COURT: Do you have any desire to do that?

A: No. I didn't.

THE COURT: You are voluntarily testifying in this matter. Is that right?

A: Right.

THE COURT: Anything [the prosecutor] you still want?

PROSECUTOR: . . . You are familiar with the Miranda Rights about remaining silent and the right to have a lawyer present. Do you understand those rights?

A: Yes.

THE COURT: You understand?

A: Yes.

\* \* \* \* \* \*

PROSECUTOR: You understand when you were taken into custody with Mr. Brown it was a close decision whether a warrant would be issued against you at that time?

A: No.

PROSECUTOR: I'm informing you there was a distinct possibility one would be issued against you at the time [but the] warrant officer decided differently. May charge you and Brown together in this incident. The State is still at liberty to charge you at any time with robbery and the third individual who escaped that day. I want you to understand anything you say today is going to be taken down by this man and a transcript prepared. If the State decides to charge you on what the State already knows or perhaps what you say in here this afternoon your testimony would be admissible . . . .. Do you understand that?

A: Yes.

PROSECUTOR: Knowing that you still feel that you want to testify?

A: Yes.

PROSECUTOR: You don't want an attorney?

A: No.

\* \* \* \* \* \*

PROSECUTOR: You are here of your own free will and want to testify?

A: Yes.

PROSECUTOR: Is that right?

A: Yes.

THE COURT: I don't [t]hink anything further has to be said.

\* \* \* \* \* \*

PROSECUTOR: I might add, during the course of this trial certain things have come to the State's attention that the State did not know before, evidence indicating I'm not sure whether the State is going to issue a warrant against you. Whether you're guilty or not the State is now aware of certain things incriminating against you as far as your involvement. *The state is considering a warrant. With that in mind, do you still want to testify?* (Emphasis added).

At this point in the questioning, Mr. Burke hesitated and then refused to testify.

We believe that the italicized portion of Burke's examination threatened prosecution of Burke should he give testimony in defense of appellant. The witness had already been warned that he could be criminally charged in connection with the robbery charged against appellant and had maintained that he still wanted to testify. The last quoted portion of Burke's examination does more than warn the witness that he might be prosecuted. It implies that the state has enough evidence to proceed against Burke but will do so only if Burke testifies. The inference that the State would prosecute Burke only if he testified clearly coerced the witness not testify.

A criminal defendant's right to present witnesses in his defense is a fundamental element of due process. *Webb v. Texas,* 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (Per Curiam 1972). The *Webb v. Texas* decision holds that the use of coercive measures which effectively drive a key defense witness from the stand deprives a defendant of due process of law under the Fourteenth Amendment of the U. S. Constitution. The coercive measure condemned in *Webb* was the "lengthy and intimidating warning" given by the trial judge, threatening the potential defense witness with a grand jury investigation of perjury should the witness lie. *Webb v. Texas, supra* at 97.

The intimidating warning given by the prosecutor in the case before us drove Mr. Burke from the stand and prevented the defendant from presenting a witness crucial to his defense. As in *Webb,* this practice must be condemned as depriving a criminal defendant of due process. We conclude that appellant's conviction must, therefore, be reversed and appellant retried in this matter.

We have considered the State's argument that the prosecutor's examination of Burke was necessary in order to protect Mr. Burke's constitutional rights. The trial court had adequately advised Mr. Burke of his right to consult an attorney and advised the witness that his testimony could be used against him. Further questioning by the prosecutor was not only unnecessary to protect Burke's constitutional rights but was also clearly designed to dissuade the witness from testifying.

Appellant also argues that his case should be remanded for retrial on the ground that the trial court abused its discretion by allowing the state to endorse a fingerprint expert, Mr. Forbes, on the day of trial. Since we are remanding this case for retrial upon other grounds, it is not necessary to decide this contention.

Appellant's final contention is that the trial court erred in assessing appellant's punishment because the state had not adequately proven applicability of the Second Offender Act, § 556.280 RSMo 1969. Since the trial court must again decide this issue on retrial, we have considered the merits of appellant's argument. The state had produced the record of conviction and confinement of Richard Brown, Jr. Richard Brown, Jr. had been convicted as an accomplice after the fact to a burglary in 1973 and was sentenced to one year in the city workhouse. In the case now before us, appellant's name was listed in the information as Richard Brown. Appellant argues that "Richard Brown" and "Richard Brown, Jr." are not identical names and that, therefore, the state is required to produce additional evidence matching appellant with the person previously convicted.

In testimony given by appellant at his trial, appellant admitted that in 1973, he had been convicted as an accessory after the fact to a burglary and had spent 9 months or a year in the city workhouse.[1] This admission is sufficient to support a finding that Section 556.280 RSMo 1969 is applicable. *See State v. Bolden,* 525 S.W.2d 625, 634 (Mo.App.1975).

The trial court erred in permitting the prosecutor to coerce a defense witness, thereby causing that witness to refuse to testify. The conviction is reversed and the case remanded for retrial.

WEIER, P. J., and CLEMENS, J., concur.

---

1. We note that, at sentencing, appellant identified himself as Richard Brown, Jr.