B. G. DeMARANVILLE et al.,
Plaintiffs-Appellants,

v.

FEE FEE TRUNK SEWER, INC.,
Defendant-Respondent.

No. 39841.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Bild & Patton, Brian A. Bild, St. Louis, for plaintiffs-appellants.

David L. Welsch, Maryland Heights, for defendant-respondent.

GUNN, Presiding Judge.

Plaintiffs, the individually named members of the Board of Managers for Sakura Gardens condominiums, sue for themselves and on behalf of similarly situated owners of condominiums serviced by defendant Fee Fee Trunk Sewer, Inc. for damages resulting from the collection of allegedly excessive and discriminatory tariffs. Upon the motion of Fee Fee, the trial court dismissed the petition for failure to state a cause of action. We reverse and remand.

Fee Fee Sewer, Inc. provides private and public sewer service to a large number of property owners in St. Louis County. On May 13, 1974, Fee Fee filed a request with the Missouri Public Service Commission for approval of a revised tariff schedule designed to increase its gross annual revenue. In case No. 18,131, the Commission approved the net increase but determined that Fee Fee's plan to allocate the cost equally between single-family and multi-family dwellings was unfair and unreasonable. Evidence presented at the hearing demonstrated that multi-family units used less water than single-family units. Consequently, the Commission disapproved Fee Fee's submitted schedule and authorized a differentiated annual tariff rate of $51.00 and $58.00 respectively for multi-family and single-family units. On December 20, 1974, Fee Fee submitted a new schedule which provided the following classifications for residential sewer service customers:

"(1) Residential Service other than apartments (each dwelling unit) $29.00 Semi-annually (2) Apartment Service (each dwelling unit) $25.50 Semi-annually"

This schedule was approved by the Commission and became effective on January 1, 1975.

The Board of Managers of Carroll Wood condominium and the Board of Managers of Sakura Gardens condominium filed a complaint with the Public Service Commission

on March 11, 1976, alleging that Fee Fee had wrongfully classified them as a "single family dwelling other than apartments." The complainants sought an order requiring Fee Fee to reclassify condominiums as multi-family dwellings. The Commission concluded that condominiums should be classified with apartment projects in determining the applicable tariff rate and therefore found that Fee Fee's rate schedule which classified them in the single-family category was unjust, unreasonable and unduly discriminatory. Fee Fee revised the schedule so that condominiums were charged $25.50 semi-annually; the new schedule became effective on July 1, 1977. Plaintiffs in a multi-count petition now seek recovery of the amount overcharged between January 1, 1975 and June 30, 1977. (Plaintiffs assert in every count that the disputed amount is $4.50 per customer semi-annually, but, obviously, that is in error; the difference between $29.00 and $25.50 is $3.50). Plaintiffs have styled their cause in seven somewhat desultory counts: discriminatory, unjust and unreasonable rate charges in violation of § 393.130, RSMo 1969; conversion; willful, reckless and wanton attempts to collect excessive rates; unjust enrichment; a prayer for restitution; fraudulent misrepresentation; and a nubilous count which appears to embrace all other counts and seeks something in excess of $1,010,000 in actual and punitive damages.

 Our duty, on review of the trial court's dismissal of the petition, is to determine if the facts pleaded and reasonable inferences to be drawn therefrom, when viewed in the light most favorable to plaintiff, demonstrate any ground for relief. *Sutton v. Sutton,* 567 S.W.2d 147 (Mo.App. 1978); *Burckhardt v. General American Life Insurance Co.,* 543 S.W.2d 57 (Mo.App. 1975); *Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625 (Mo.App.1975). If the petitioners' allegations invoke substantive principles of law which may entitle them to relief, the petition should not be dismissed even though the cause is imperfectly stated. *Butler v. Circulus,* 557 S.W.2d 469 (Mo.App.1977). Although plaintiffs' theory is ill-defined, we believe that the facts have been pleaded sufficiently to

support a cause of action at least as to Count I which seeks recovery of charges paid in excess of the lawful tariff.

 When a utility has two approved rates of service and renders service to a consumer charging the higher rate, the consumer may file a complaint before the Public Service Commission to determine the proper classification. *State ex rel. Kansas City Power & Light Co. v. Buzard,* 350 Mo. 763, 168 S.W.2d 1044 (banc 1943). A circuit court has no jurisdiction to consider the plaintiff's action for recovery until the Commission makes its decision regarding the rates and classification. Matters within the jurisdiction of the Public Service Commission must first be determined by it in every instance before the courts have jurisdiction to make judgments in the controversy. *State ex rel. Hoffman v. Public Serv. Com'n,* 530 S.W.2d 434 (Mo.App.1975); *Katz Drug v. Kansas City Power and Light Co.,* 303 S.W.2d 672, 679 (Mo.App.1957). In the present case, plaintiffs filed the proper complaint to the Commission pursuant to the provisions of § 386.390, RSMo Supp., 1977, and the Commission concluded that Fee Fee's tariff classification of condominium service was unjust, unreasonable and unduly discriminatory. Yet, only the courts can enforce a Public Service Commission decision. The Commission has no jurisdiction to promulgate an order requiring a pecuniary reparation or refund. *Wilshire Const. Co. v. Union Elec. Co.,* 463 S.W.2d 903 (Mo.1971); *State v. Buzard,* supra; *State ex rel. Laundry, Inc. v. Public Service Commission,* 327 Mo. 93, 34 S.W.2d 37 (1931). And in order to recover by appropriate action in the circuit court, the plaintiffs must plead and prove facts which demonstrate: (1) the lawfully established rate applicable to their classification of service; and (2) that more than the lawful rate has been collected. *May Department Stores Co. v. Union Electric L. & P. Co.,* 341 Mo. 299, 107 S.W.2d 41 (1937).

 Utilities under regulation of the Public Service Commission are obligated to provide their customers with adequate service at only the proper rate and no more. *DePaul Hospital v. Southwestern Bell Telephone Co.,* 539 S.W.2d 542 (Mo.App.1976).

The fact that the initial tariff schedule was approved by the Commission should not support a dismissal when the Commission ultimately decided that the rates were discriminatory. Plaintiffs have minimally stated the prerequisites to recover the overcharges of the lawful tariff rate and to that extent Count I of their petition states a cause of action, although there are obvious errors in the calculations as to damages. Other counts as pleaded are not so clear as to give ready answer whether or not they state a basis for recovery but, better defied, it is possible they might. Certainly, Count I states a cause of action but must be amended to correct errors in calculation. We therefore reverse the trial court's action in dismissing plaintiffs' petition and remand the cause with instructions to grant leave to plaintiffs to amend their petition, thereby granting them opportunity to more clearly define their theories of action. See *Butler v. Circulus, Inc.,* supra.

Reversed and remanded.

WEIER, C. J., and KELLY, J., concur.