STATE of Missouri,
Plaintiff-Respondent,

v.

Virgil Franklin RYDER,
Defendant-Appellant.

No. 40573.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 1, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 19, 1980.

Application to Transfer Denied
June 10, 1980.

James L. Rohlfing, St. Louis, Walter D. McQuie, Jr., Montgomery City, for defendant-appellant.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Cynthia MacPherson, Pros. Atty., Audrain County, Mexico, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant was charged for the murder of his paramour, Wanda Wykoff. He was found guilty and sentenced under the Habitual Criminal Act to 65 years in the custody of the Division of Corrections. We affirm.

Appellant's first two assignments of error concern the admission into evidence of a written statement and a tape recorded interview which appellant gave the police. The gravamen of appellant's complaint is that neither the statement nor the interview should have been received into evidence without first determining whether they were given voluntarily.

■ The fourteenth amendment prohibits the use of involuntary confessions not only because of their probable unreliability but also because in the end life and liberty are endangered as much by illegal methods used to convict those thought to be guilty as from the guilty themselves. Accordingly the accused has a constitutional right at some stage in the proceedings to object to the use of his confession and to have a fair hearing on the issue of his volition, uninfluenced by the truth or falsity of his confession. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). To protect this right the conclusion of the trial judge as to whether the confession was given voluntarily must appear from the record with unmistakable clarity. *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *State v. Bridges*, 491 S.W.2d 543 (Mo.1973).[1]

■ Appellant's statements were not incriminatory but exculpatory. However, since the purpose of the exclusionary rule is alternately to safeguard society from illegal police methods, all involuntary statements, whether incriminating or exculpatory, should be excluded from trial.

■ However, if the content of a defendant's testimony is the same as the content of the statements the defendant seeks to suppress, any error in admitting the statements is cured by the defendant's in court confirmation of the truth contained in the out of court statements. *State v. Crow*, 486 S.W.2d 248 (Mo.1972); *State v. McGee*, 447 S.W.2d 270 (Mo. banc 1969); *State v. Brown*, 404 S.W.2d 179 (Mo.1966). The defendant suffers no prejudice because his testimony is identical to that which he seeks to suppress.

■ After an exhaustive inquiry by the trial judge of the defendant's desire to testify the defendant voluntarily took the stand and sought to confirm the truth of the statement he sought to suppress. Under this state of facts we are unable to see what, if any, prejudice the appellant suffered.

Appellant's final contention is that the trial court erred by admitting into evidence records of appellant's prior conviction for bank robbery in the United States District Court for the Eastern District of Virginia and his subsequent commitment to the U. S. Penitentiary at Lewisburg, Pennsylvania. Appellant claims that because the records were not properly authenticated there is no substantial and competent evidence on which the trial court could have found appellant to have been an habitual criminal within the Habitual Criminal or Second Offender Act, § 556.280, RSMo 1969.[2]

---

1. However it is unnecessary that the trial judge enter formal findings of fact or write an opinion. *Sims v. Georgia*, supra.

2. § 556.280, RSMo 1969 has been repealed and replaced by § 558.016, RSMo 1978.

**528**

In order for a defendant to be sentenced by the trial court under the Habitual Criminal Act, the prosecution must establish that the defendant was (1) convicted of a crime punishable by imprisonment in the penitentiary, (2) sentenced for that offense, (3) subsequently imprisoned, fined, paroled or placed on probation and (4) thereafter charged, tried and convicted of a felony which would be punishable by imprisonment in the penitentiary if a first offense. § 556.280, RSMo 1969.

A defendant's testimony that he was convicted and was on probation for bank robbery is sufficient to support a finding of a previous conviction under the Habitual Criminal Act. *State v. Brown*, 543 S.W.2d 56 (Mo.App.1976). Furthermore, a defendant's voluntary judicial admission of facts before a jury is conclusive of the facts contained in the admission. *State v. Eacret*, 456 S.W.2d 324 (Mo.1970).

At trial, under direct examination, appellant freely admitted he had been convicted of bank robbery and at the time of the killing was on probation for that charge. Since there is no dispute that the defendant had been convicted for bank robbery and was on probation when the killing took place, it is unnecessary for us to decide whether appellant's records were properly authenticated. Appellant was properly sentenced.

The judgment is affirmed.

GUNN, P. J., and STEPHAN, J., concur.