LEVINE, J.
The issue presented is whether the prosecutor’s statement that he intended to charge appellant’s witness, if the witness testified like he did in a prior statement, violated appellant’s due process right to present a defense. We find, on the particular facts of this case, appellee effectively denied appellant’s right to present a defense.
On November 9, 2007, Detective Harder of the Fort Lauderdale Police Department was engaged in an unrelated “burglary decoy” operation at a gas station. While the police were surveilling the area, a pickup truck driven by Phillip McEnany, in which appellant was a passenger, pulled into the gas station. Shortly thereafter, another vehicle with three occupants pulled up next to the truck. The detective saw the driver, Jerome Small, exit the vehicle and approach the passenger window of the truck where appellant was seated. The detective saw appellant pass paper currency to Small who then gave appellant a small white object that the detective believed to be cocaine. A brief period later, another vehicle pulled up driven by Katie Jones. Small then entered Jones’s vehicle and came back to the truck and, according to the officer, handed appellant a white envelope.
Detective Harder ordered the other officers to move into this location. As the police vehicles approached, the detective observed appellant toss the white envelope into the bed of the truck. After being informed of his Miranda rights, appellant admitted to the detective that he had just purchased cocaine from Small. The cocaine was recovered after appellant told Detective Harder where it was located. The officers also recovered from the bed of the truck the white envelope, which contained fifty-seven hydrocodone pills.
*1042 Appellant was charged with trafficking in hydrocodone and possession of cocaine. Small was also arrested, but only for delivery of cocaine, and eventually pled to the charge. At a pretrial deposition of Small conducted by defense counsel, Small testified that his sister, Katie, would regularly sell some of her prescription hydrocodone pills to McEnany. Appellant was a passenger in McEnany’s truck that day. Small passed the hydrocodone pills through appellant’s side of the vehicle and handed the pills to McEnany. Appellant never touched the pills nor took possession of the pills.
After jury selection, at the commencement of the trial, the prosecutor made the following statement:
I do have an ethical obligation to tell the Court that Mr. Small — you may want to either spin the wheel or have some type of standby counsel or collateral whatever they’re called — conflict counsel here because I believe if he testifies consistent with his statement he gave Ms. Nagy [defense counsel], that he would be subject to inculpating himself in a 25-year minimum mandatory. It’s my obligation to tell the Court that if he gets up and testifies that he took pills over to any individual, whether it was this individual or another individual, he inculpates himself in a drug trafficking offense, which he was not previously charged with. And potentially — which he does say in his statement — and if he does that, I intend to charge him.
The prosecutor further stated:
[Small] has no protection whatsoever when he’s called if he were to say, I took pills over and gave them to either X or Y, whichever version he wants to go with. He inculpates himself in a twenty five year minimum mandatory just in his statement. If he’s consistent with that, he will do so in trial.
Subsequently, after consulting with appointed counsel, Small declined to testify and exercised his Fifth Amendment right. Appellant’s counsel objected to the prosecutor “threatening this charge against Jerome Small, a charge they could have filed over a year ago.” Counsel asserted that this threat denied appellant a fair trial and the right to present witnesses in his defense. She also argued that Small either waived his Fifth Amendment rights by testifying at the pretrial deposition or could not assert those rights because he had no real exposure to prosecution, as the speedy trial period would have expired since Small’s arrest for the delivery of cocaine charge on the same. day. The court denied appellant’s objections, and Small did not testify after invoking his Fifth Amendment rights.
During closing argument, the prosecutor stated that “[t]his case is an eyewitness case. If Detective Harder is a liar, acquit. If he’s not a liar, convict.” Appellant objected to this particular statement, which was overruled by the trial court as being “argument.”
The jury found appellant guilty of attempted trafficking in hydrocodone, a lesser included offense, and possession of cocaine. This appeal ensues.
Where there are “mixed questions of law and fact that ultimately determine constitutional rights” appellate courts should use a “two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue.” Connor v. State, 803 So.2d 598, 605 (Fla.2001). In this case, appellant is claiming a deprivation of his constitutional right to present a witness for his defense. See Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). As the United States Supreme Court has stated:
*1043 The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts as well as the prosecution’s to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.
Id. “Few rights are more fundamental than that of an accused to present witnesses in his own defense.” Chambers v. Mississippi 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In Webb v. Texas, 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), the United States Supreme Court found that a trial judge’s threatening remarks directed at a single witness for the defense “effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment.”
We find cases from other jurisdictions to be persuasive. In State v. Brown, 543 S.W.2d 56 (Mo.Ct.App.1976), a witness appeared at the defendant’s trial ready to testify on the defendant’s behalf that an unknown man forced the defendant at gunpoint to drive the man away from the scene of the robbery. This witness was the owner of the automobile as well as an occupant in the vehicle. Before the witness took the stand, the prosecutor stated:
I might add, during the course of this trial certain things have come to the State’s attention that the State did not know before, evidence indicating I’m not sure whether the State is going to issue a warrant against you. Whether you’re guilty or not the State is now aware of certain things incriminating against you as far as your involvement. The state is considering a warrant. With that in mind, do you still want to testify?
Id. at 58. As a result, the witness, Burke, declined to testify on behalf of the defendant. The Missouri appellate court concluded that this amounted to threatened prosecution of the witness should he give testimony in defense. The prosecutor did more than warn the witness that he might be prosecuted. Rather, the prosecutor implied that the “state has enough evidence to proceed against Burke but will do so only if Burke testifies. The inference that the State would prosecute Burke only if he testified clearly coerced the witness not [to] testify.” Id.
In the present case, the prosecutor not only implied but clearly stated that he intended to charge the witness if he testified at trial consistent with the witness’s sworn testimony at the pretrial deposition. Significantly, the state already had the sworn pretrial deposition in which Small admitted to his complicity in the delivery of the hydrocodone. The state could have charged Small regardless of whether he testified at appellant’s trial. Yet, the state only announced its intent to charge appellant’s witness if the witness testified at the trial consistent with his prior testimony at deposition, and that testimony exculpated appellant.
In State v. Goad, 177 W.Va. 582, 355 S.E.2d 371, 374 (1987), the West Virginia Supreme Court concluded that where there were “[a]dmonitions by the prosecutor to refrain from lying, combined with threats of prosecution as an accomplice and for perjury, which result in a potential witness’s assertion of his right against self-incrimination,” the prosecutor’s actions “effectively deprive[d] the criminal defendant of due process of law by denying him the opportunity to present witnesses in his own defense.”
*1044 In Campbell v. State, 37 Md.App. 89, 376 A.2d 866, 871-72 (1977), the Maryland appellate court, confronting a similar issue, concluded that “[bjecause appellant’s defense relied solely upon the believability of his version of the facts, a participant who would presumably inculpate himself was a key to success, and the use of the coercive procedural measures which effectually drove the witness from the stand deprived the appellant of due process.” In the present case, like Campbell, appellant’s defense included the reliance on a witness who was going to “inculpate himself’ and exculpate appellant and, as such, was also key to appellant’s defense.
We find that the prosecutor’s conduct in this case was an infringement of appellant’s due process rights. “[W]here the Government has prevented the defendant’s witness from testifying freely before the jury, it cannot be held that the jury would not have believed the testimony or that the error is harmless.” United States v. Morrison, 535 F.2d 223, 228 (3d Cir.1976).
We also find the prosecutor’s statement in closing that if the detective “is a liar, acquit. If he’s not a liar, convict” to be improper. The prosecutor may not argue that the jury can convict for any reason “other than his guilt of the crimes charged.” Bass v. State, 547 So.2d 680, 682 (Fla. 1st DCA 1989).[1]
As Justice George Sutherland aptly stated:
[The goal of a prosecutor] in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). We find the state, on the particular facts of this case, utilized “improper methods” and, as such, we reverse and remand for a new trial.

Reversed and remanded.

DAMOORGIAN and CIKLIN, JJ., concur.

. We find the issue regarding the exclusion of Small’s deposition testimony to be without merit. The testimony was not sufficiently corroborated by other evidence and thus lacked the indicia of trustworthiness necessary to be admissible under section 90.804(2)(c), Florida Statutes.