STATE of Missouri, at the relation of Lillian E. HARLINE, James J. Harline, Harry W. Wintermute, Lucia Wintermute, George G. Kelly, Zakey Kelly, Robert J. Ingraham and Courtenay F. Ingraham, Appellants,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent.

No. 23215.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

R. Jay Ingraham and John F. Ingraham, Kansas City, for appellant.

Glenn D. Evans and Thomas J. Downey, Morris E. Osburn, Jefferson City, F. L. Thompson and Thos. J. Conway, Jr., Kansas City, for respondent.

CROSS, Judge.

This appeal is from a judgment of the Circuit Court of Cole County, on review proceedings, affirming an order of respondent, Public Service Commission of Missouri, dismissing a complaint filed by appellants, resident landowners of Jackson County, Missouri.

It was alleged in the complaint that the Missouri Public Service Company, a public utility corporation supplying electric current to consumers in Jackson County and other areas in Missouri, hereinafter sometimes designated as "the company", was preparing to locate, maintain and operate a 69,000 volt electrical transmission line in Jackson County from Martin City to Lee's Summit, and to interconnect it with the lines of the Kansas City Power & Light Company, and to acquire, by condemnation, right of way easements upon and over appellants' lands, all without a certificate of public convenience and necessity and without the Commission's permission and approval as required by law.

Complying with the prayer of the complainants for an order upon the company to show cause why it should not desist from the alleged acts, the Commission ordered the company to satisfy the matters of complaint or make answer in writing.

The company filed answer claiming authority for its acts under (1) the Commission's order entered in Public Service Commission Case No. 9,470, on January 18, 1938, granting a certificate of convenience and necessity to a predecessor company, the Missouri Public Service Corporation, and (2) the Commission's order in Case No. 11,-892, approving the transfer of corporate rights from the Missouri Public Service Corporation to the Missouri Public Service Company.

Appellants introduced no evidence at the hearing except the record in Case No. 9,470 and the report and order in Case No. 11,892. The company's evidence disclosed it had commenced construction of the eight mile transmission line at a cost of $250,000. The Commission determined that the company was authorized to construct the line under the certificate of convenience and necessity issued in Case 9,470, and that no additional authority was necessary to comply with the statutes governing the matter. Whereupon the Commission dismissed the complaint and denied appellants' motion for rehearing.

The Commission's ruling was certified to and reviewed by the Circuit Court of Cole County, Missouri. The judgment of that court affirmed the order of dismissal made by the Commission. An appeal from the judgment was granted to the Missouri Supreme Court. Appellants invoked that court's exclusive jurisdiction by allegations that the Commission's order of dismissal and its orders in Cases No. 9,470 and No. 11,892 are in violation of the 1875 and 1945 Constitutions of Missouri and the Constitution of the United States.

Finding that no question of constitutional law is presented or preserved for appellate review, the Supreme Court has denied jurisdiction of this appeal and transferred the cause to this court.

Although the order of dismissal in Case No. 13,768 gave rise to this appeal, the critical factor in the controversy is Case No. 9,470. When that proceeding was filed in 1937, the predecessor Missouri Public Service Corporation was operating as an electric utility in certain cities and towns of Jackson County under franchise author-

ity and the Commission's certificate of convenience and necessity. The certificate was limited to those municipalities and allocated no territory beyond their borders.

The utility was also serving some additional patrons in nearby rural areas, by request and upon application. Each extension to those patrons was made under authority of a separate Commission certificate, issued upon separate application, notice and hearing.

Under those circumstances, and with applications on file for service requiring extended lines, the utility filed in Case No. 9,470 its application for a certificate of convenience and necessity allocating to it a designated service area in rural Jackson County, and other counties for which it had obtained county franchise authority.

Upon notice and hearing, the Commission made findings that the authority sought by the application would be beneficial to the public and should be granted, and entered its order, in part, as follows: "That the Missouri Public Service Corporation be and is hereby authorized to construct, maintain and operate electric transmission lines and distribution systems over, along and across the highways of the Counties of Jackson * * *, with authority to furnish electric service to all persons in the area for which this certificate is granted and in conformity with the extension rules that the applicant, from time to time, may have on file with this Commission and in effect". The order contains other provisions of limiting and regulatory nature.

■ Appellants charge the trial court with error in affirming the order of dismissal for the alleged reason that such action was arbitrary, unreasonable, unlawful and in violation of constitutional guarantees. The points briefed by appellants will be disposed of without deciding a constitutional question. Appellants made no claim that any statute is unconstitutional, but say that the Commission's acts and orders are not in compliance with statutory provisions.

Since the jurisdiction of the Commission is fixed by statute, and since the validity of that statute is not attacked, the case may be properly decided by a construction of the statutes for the purpose of determining whether or not the Commission exceeded its statutory authority. State ex rel. Orscheln Brothers Truck Lines, Inc. v. Public Service Commission, 338 Mo. 572, 92 S.W. 2d 882, loc. cit. 884(4, 5). These views have been expressed by the Supreme Court in ruling that no constitutional question has been raised or preserved.

■ The basic issue for decision is: Must a public utility obtain an additional certificate of convenience and necessity from the Commission to construct each extension or addition to its existing transmission lines and facilities within a territory already allocated to it under a determination of public convenience and necessity?

That issue is raised by appellants' principal contention that the 1938 certificate of convenience and necessity conferred no authority upon the company to construct the planned transmission line. They insist that the law required an additional, specific order of approval from the Commission for that particular line, or any other additional line, to be granted only upon the company's application, due notice and hearing. Appellants argue that the Commission's order in Case No. 9,470 is null and void, ab initio, as an unlawful attempt to surrender and re-delegate the state's police powers by abandoning its statutory duties of regulation to the utility company; and, that subsequent orders based upon it are also void.

All corporate powers of the Missouri Public Service Commission are derived from the state by virtue of its charter, which includes all enacted statutes. The company derives from Section 351.385, V. A.M.S. all powers necessary or convenient to effect any or all of the purposes for which it was formed. The following specific powers are conferred upon it by Section 393.010: " * * * full power to manufacture and sell and to furnish * * *

electricity * * * and * * * to lay conductors for conveying * * * electricity * * * through the streets, alleys and squares of any city * * *" and "to set their poles, piers, abutments, wires and other fixtures along, across or under any of the public roads, streets and waters of this state * * *".

Since 1938, the company and its predecessor have exercised those corporate powers by operating a public utility and furnishing electricity to the inhabitants in an area of Jackson County under a Public Service Commission certificate of convenience and necessity. None of those powers have been derived from the Missouri Public Service Commission.

■ The certificate of convenience and necessity granted no new powers. It simply permitted the company to exercise the rights and privileges already conferred upon it by state charter and municipal consent. State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 89 A.L.R. 607. The certificate was a license or sanction, prerequisite to the use of existing corporate privileges.

■ The company had the legal duty to serve the public in the certificated Jackson County area. The corporate charter is a contract which impliedly obligates the corporation to furnish the service for which it was created to render. Section 393.130 specifically requires that "every electrical corporation * * * shall furnish and provide such service instrumentalities * * * as shall be * * * adequate * * *". The Jackson County franchise implies an obligation to serve the public in return for the privileges granted by it. The certificate of convenience and necessity is a mandate to serve the area covered by it, because it is the utility's duty, within reasonable limitations, to serve all persons in an area it has undertaken to serve. State ex rel. Ozark Power & Water Co. v. Public Service Commission, 287 Mo. 522, 229 S.W. 782;

State ex rel. Kansas City Power & Light Co. v. Public Service Commission of Missouri et al., 335 Mo. 1248, 76 S.W.2d 343; State ex rel. Federal Reserve Bank of Kansas City v. Public Service Commission, 239 Mo.App. 531, 191 S.W.2d 307; and May Department Stores Co. v. Union Electric Light & Power Co., 341 Mo. 299, 107 S.W.2d 41.

It seems clear that the company could perform its duty to render electric service to all inhabitants of the rural area concerned only by a process of extending and building new lines and facilities as required, which the evidence shows has been done almost daily since 1938. It appears further that the company and its predecessor have had full and adequate corporate powers to perform that duty. If additional commission authority other than the area certificate be necessary, such requirement must affirmatively appear in the statutes.

■ The Missouri Public Service Commission is an administrative body of limited jurisdiction, created by statute. It has only such powers as are expressly conferred upon it by the statutes and reasonably incidental thereto. State ex rel. and to Use of Kansas City Power & Light Co. v. Buzard, 350 Mo. 763, 168 S.W.2d 1044.

■ Those powers are purely regulatory. The dominating purpose in the creation of the Public Service Commission was to promote the public welfare. To that end the statutes provided regulation which seeks to correct the abuse of any property right of a public utility, *not to direct its use*. Exercise of the latter function would involve a property right in the utility. The law has conferred no such power upon the Commission. State ex rel. Kansas City v. Public Service Commission of Missouri, 301 Mo. 179, 257 S.W. 462.

■ The utility's ownership of its business and property includes the right of control and management, subject, necessarily, to state regulation through the Public

Service Commission. The powers of regulation delegated to the Commission are comprehensive and extend to every conceivable source of corporate malfeasance. Those powers do not, however, clothe the Commission with the general power of management incident to ownership. The utility retains the lawful right to manage its own affairs and conduct its business as it may choose, as long as it performs its legal duty, complies with lawful regulation and does no harm to public welfare. See State ex rel. City of St. Joseph v. Public Service Commission, 325 Mo. 209, 30 S.W.2d 8. Also, see State of Missouri ex rel. Southwestern Bell Telephone Co. v. Public Service Commission of Missouri, 262 U.S. 276, 43 S.Ct. 544, 67 L.Ed. 981.

■ A primary function of the Commission in its regulation of electric utilities is to allocate territory in which they may render service. The Commission is empowered by statute to pass upon the question of public necessity and convenience (1) for any new company or additional company to begin business anywhere in the state, or (2) for an established company to enter new territory. Peoples Telephone Exchange v. Public Service Commission, 239 Mo.App. 166, 186 S.W.2d 531.

Those powers were created in 1913 by the enactment of present Section 393.170, V.A.M.S., which has since remained in effect, without change. The section is quoted, in part, as follows:

"1. No * * * electrical corporation * * * shall begin construction of a * * * electric plant * * * without first having obtained the permission and approval of the commission.

"2. No such corporation shall exercise any right or privilege under any franchise hereafter granted * * * without first having obtained the permission and approval of the commission * * *.

"3. The commission shall have the power to grant the permission and approval herein specified whenever it shall after due hearing determine that such construction or such exercise of the right, privilege or franchise is necessary or convenient for the public service. The commission may by its order impose such condition or conditions as it may deem reasonable and necessary. Unless exercised within a period of two years from the grant thereof authority conferred by such certificate of convenience and necessity issued by the commission shall be null and void."

In 1914, one year after enactment, the Commission construed Section 393.170. In Missouri Valley Realty Co. v. Cupples Station Light, Heat & Power Co., 2 Mo. P.S.C. 1, the Commission determined that when a utility is legally serving the public under a certificate of convenience and necessity, the law does not require a certificate for every extension of its lines to render additional service, and that "as to electrical corporations (referring to those already constructed and operating) the only certificate of permission and approval required from the Commission is that required before the company shall 'begin construction of its plant'".

Since 1914 the Commission has executed certificates of convenience and necessity in accordance with those views. It has consistently followed the practice of issuing "area certificates" granting defined operating territory to utilities, including the certificate in Case No. 9470.

■ The legal construction of Section 393.170 by the Commission and followed for 46 years in executing its terms is strongly persuasive on the present issue. Our courts consistently observe the principle that the construction placed upon a statute by a governmental agency charged with its execution and enforcement is entitled to great consideration and should not be disregarded or disturbed, unless clearly erroneous—particularly when that construction has been followed and acted upon for many years. State ex rel. Union Elec-

tric Light & Power Co. v. Baker, 316 Mo. 853, 293 S.W. 399.

Appellants cite no case in which Section 393.170 has been construed to require separate authority for each transmission line. No case is cited or found holding that an electric utility must secure any certificate of approval, in addition to the initial area certificate, for additions, extensions or construction within the area. They cite and rely upon Public Service Comm. v. Kansas City Power & Light Co., 325 Mo. 1217, 31 S.W.2d 67, 71. That case gives no support to appellants' views. The issue there, as it involved Section 393.170, was whether the electric company could extend its existing lines *outside of the area covered by a certificate and into new territory not included in its authority*—without additional Commission authority. The court's determination that a new certificate was necessary to extend lines into new territory is consistent with the Commission's interpretation of Section 393.170 expressed in the Missouri Valley case, supra, from which the court quoted as follows: "We interpret the report as holding that the power company was lawfully authorized to operate its plant in the city of St. Louis and was not required to obtain additional certificates for extensions of its lines in the territory where it already had authority to operate".

Aside from the fact that the Commission's interpretation of Section 393.170 is entitled to great weight, we are convinced that those views rest upon sound legal principles and correctly state the intended effect of the statute.

 Appellants claim that sub-section 1 of Section 393.170 required the company to obtain an additional certificate to construct the transmission line. They say, with no authority except a reference to the statutory definition of "electric plant", that a transmission line is an "electric plant". Hence, it is argued, as no electric plant can be constructed without approval, and as a transmission line is an electric plant, therefore a transmission line must have approval. We do not share those views. Sub-section 2 has no application. The record of this case shows that the company's electric plant had been constructed prior to 1938 and operated continuously since.

 Appellants also invoke the applicability of sub-section 2 of Section 393.170, insisting that the construction of a transmission line is the exercise of a "right or privilege under any franchise", prohibited without Commission approval. We do not read the statute with that understanding. We view the company's rights and privileges under its corporate franchise as the unitary, indivisible sum of all its corporate powers conferred by the state, merged into the single privilege of operating an electric utility. Likewise, we consider that the rights and privileges held by the company under the county franchise partake of the same nature. If Commission approval were required for all separate acts in the exercise of "any right or privilege under any franchise", we envisage its ridiculous application to every conceivable detail incident to business operation.

 Appellants further argue that the Commission, by entering its order in Case No. 9,470, surrendered and re-delegated its statutory powers of regulation, and that in so doing the Commission unlawfully surrendered and re-delegated state police powers conferred upon it by the legislature, and that, therefore, the order is null and void.

We re-examine the order and do not find within its terms any delegation or surrender of Commission authority. On the contrary, the order contains restrictions, conditions and limitations imposed upon the exercise of the area certificate, and recites a continuing supervision by the Commission.

We believe appellants principal contention is without merit.

■ Appellants contend that the order in Case No. 9,470 is not supported by any substantial evidence of public convenience and necessity and is, therefore, null and void. They insist that the order of dismissal in Case No. 13,768 was based upon a nullity and is also null and void. We are thus invited to review the evidence in Case No. 9,470.

■ The present proceeding is independent of and collateral to Case No. 9,470. It is provided by Section 386.550, V.A. M.S.: "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive." The statute is declaratory of the law's solicitude for the repose of final judgments.

The quoted statute bars our review of the issues decided in Case No. 9,470 that were properly within the jurisdiction of the Commission. State ex rel. State Highway Commission of Missouri v. Conrad, Mo.Sup., 310 S.W.2d 871.

Is this court permitted to review the evidence in Case No. 9,470 to determine whether it supports the Commission's order? The record discloses no jurisdictional defect. The subject matter was peculiarly within the Commission's province. All notice required by law was given. The Commission heard evidence covering 120 typewritten pages. The resulting order was within the Commission's lawful powers and in terms of the statute authorizing its entry. The order is not void on the face of the record.

In the recent case, La Presto v. La Presto, Mo.Sup., 285 S.W.2d 568, 571, it was pointed out that "the erroneous exercise of jurisdiction" (errors of the trial court) can only be corrected by review on appeal —but, that "the want of jurisdiction" renders a judgment void and subject to direct attack. For those reasons, the court said: "However, a judgment of a court having jurisdiction cannot be impeached collaterally by showing that the evidence on which it was based would have been insufficient on appeal to sustain the judgment. * * * we are not entitled to and shall not review the evidence to determine if there was an erroneous exercise of jurisdiction by the trial court."

Since we cannot, with propriety, review the evidence in Case No. 9,470, we refrain from doing so.

It is also contended that the Commission's order in Case No. 9,470 is void, ab initio, because notice was not given to all interested parties, and that subsequent orders based thereon are likewise void.

Appellants insist that under their right of due process they were entitled to be notified of the hearing, that they were not given notice, and that they were thereby deprived of opportunity to appear and oppose the company's application. They say that as owners of land in the allocated territory, perpetually subjected to the hazard of condemnation, they were entitled to be heard. Appellants point to no statute providing or decision holding that they were entitled to personal notice of the proceeding.

■ There is no evidence to show that, if appellants were residents of the area in 1938, they had any interest in the hearing except as prospective users of electricity, as were all members of the resident public. Such status creates no interest adverse to that of the utility or any direct interest in the proceeding, entitling them to notice.

It is considered that, in proceedings of the nature under discussion, there are no parties adverse to the application, absent statutory provision. The public is regarded as one party and the utility the other. The Commission and its counsel represent the interest of the public. 73 C.J.S. Public Utilities § 50, p. 1116. State ex rel. City of St. Louis v. Public Service Commission of Missouri, 331 Mo. 1098, 56 S.W.2d 398. We find no merit in the contention.

■ Appellants' concluding contention is made under the voluntary assumption

that the 1938 certificate was valid authorization to construct the transmission line. They say, even so, the line was not constructed within two years—therefore the authorization became null and void. The argument is advanced under sub-section 3, Section 393.170, which provides that the "authority" conferred by a certificate of convenience and necessity shall be null and void unless exercised within two years.

Certificate "authority" is of two kinds and emanates from two classified sources. Sub-section 1 requires "authority" to construct an electric plant. Sub-section 2 requires "authority" for an established company to serve a territory by means of an existing plant. Peoples Telephone Exchange v. Public Service Comm., 239 Mo. App. 166, 186 S.W.2d 531.

We have no concern here with Sub-section 1 "authority". The 1938 certificate permitted the grantee to serve a territory —not to build a plant. Sub-section 2 "authority" governs our determination.

The question before us, stripped of ambiguity and resolved to simplicity, is: Did the company, within 2 years, proceed to use the 1938 area certificate by operating as an electric utility in the newly allocated territory? The answer can not come from appellants' evidence. There is none—except records. The company has shown that it exercised the certificate "authority" immediately upon grant, and continuously to the time of trial. It has suffered no forfeiture. The contention is void of merit.

In support of their contentions, appellants have cited and quoted from numerous cases. We have carefully examined and considered the submitted authorities, but find nothing expressed in them contrary to our views stated in this opinion.

We find that the orders of the Commission entered in Cases No. 9,470, No. 11,892, and No. 13,768 are lawful and reasonable. It is our further finding that the action of the trial court in entering its judgment affirming the Commission's order of dismissal was also lawful and reasonable.

It is our determination that the 1938 certificate of convenience and necessity conferred authority upon the company to construct the proposed transmission line, and that the law required no additional authorization from the Commission.

The judgment is affirmed.

All concur.