STATE of Missouri ex rel. WEBB TRI-STATE GAS CO., Inc., Max Dunham and William F. Graham, d/b/a Roper Gas Company, and LP Gas Service Company, Tri-State Gas Co., Inc., Empire Gas Transports, Inc., and Al Neidert, d/b/a Al's Gas Company, Relators-Appellants,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Defendant-Respondent.

No. 25266.

Kansas City Court of Appeals, Missouri.

Feb. 2, 1970.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1970.

Neale, Newman, Bradshaw & Freeman, O. J. Taylor, Springfield, for appellant.

Donal D. Guffey, Laird P. Bowman, Kansas City, for Gas Service Co.

Kyle D. Williams, Jeremiah D. Finnegan, Jefferson City, for Public Service Commission.

SPERRY, Commissioner.

This is an appeal from an order entered March 10, 1969, by the circuit court of Cole County affirming a report and order theretofore issued by the Public Service Commission of Missouri.

On April 11, 1968, the Gas Service Company, (hereafter referred to as service company) a corporation, engaged in Missouri in the natural gas distribution business, and subject to the jurisdiction of the Public Service Commission, (hereafter referred to as commission), made application for a certificate of convenience and necessity to provide natural gas service to the inhabitants of the cities of Anderson, Goodman, Lanagan, Noel and Pineville; to the inhabitants of the village of North Noel; and to the inhabitants of a described area in McDonald County. All such areas are within the State of Missouri. That case was docketed as Number 16495 before the commission.

Thereafter, an application to intervene was filed by appellants and intervention was allowed. Hearings were duly held and appellants and intervenors, who are engaged in the sale and distribution of liquified petroleum gas, (hereafter referred to as LPG) in the area here involved, offered evidence.

Intervenors filed a "Motion to impose condition upon Certificate of Convenience and Necessity". The condition sought to be imposed was to the effect that interve-

nors be reimbursed for their expenses incurred in establishing their businesses and for damages to their respectively established businesses.

On September 5, 1968, the commission entered report and order granting a "Conditional certificate of Convenience and Necessity" to construct, operate and maintain a gas distribution system for the area described in the petition, including Anderson, Goodman, Lanagan, Noel, Pineville, North Noel and Spring Valley. The conditions imposed were routine and were not of the character sought by intervenors, whose prayer in that respect was denied. Appellants took proper steps to bring this appeal before us.

McDonald County is located in the southwestern corner of Missouri. It has a population of 14,144. It is noted for its rugged terrain, its beautiful scenery and its hospitable people. The municipalities here involved are among the more populous areas of the County: Anderson, 992; Goodman, 540; Lanagan, 357; Noel, 736; Pineville, 454; Spring Valley, 43. All are now using LPG for heating purposes, as are many of the remaining inhabitants of the county. There is an indication in the record to the effect that coal is not extensively used. However, we know that the county is well wooded and watered and that, prior to the advent of LPG, wood was almost universally used for heating purposes. The area sought to be certificated is indicated on an exhibit filed by applicant indicating an area within roughly parallel lines depicted in red embracing some 90.5 square miles. Cities Service gas line is shown running from northwest to the southeast through the entire county, with some lines running out to the east and west therefrom. The towns mentioned herein are located along or near this service line.

All of the towns were represented at this hearing by counsel and by interested citizens who gave testimony in support of applicant's position. All had adopted franchise ordinances and all urged that appli-

cant be permitted to serve the entire area shown on the map filed by applicant.

The only opposition offered came from officers and employees of various LPG companies, serving the area. The tenor of the evidence from that standpoint is that the LPG dealers had built their businesses at considerable expense and that they will lose their investments. This is evidenced by the fact that applicant would service customers with natural gas at a price approximately 50% of that now being paid for LPG.

■ It is because of this situation that protestants urged that conditions be imposed on the certificate so as to relieve from this financial loss. It does not appear exactly how such a condition could be enforced; and we are cited to no legal authority for such action by the commission. We think the commission properly rejected this contention. LPG must give way to natural gas just as the mule breeding business vanished upon the advent of the farm tractor and truck; just as wood stoves gave way to LPG. Such casualties are the price paid for "progress".

It is clearly established that the inhabitants of the mentioned towns will be far happier, better and more cheaply served by natural gas. It isn't just that they should be denied this service, or penalized on account of it, in order to reimburse a group of dealers in LPG who, in turn, ousted the wood stove and fuel dealers from the community, without, so far as is shown, having paid damages to them.

■ The scope of our review is stated in Maag v. Public Service Commission, Mo.App., 384 S.W.2d 801, 806, as follows:

"The function of the Courts in reviewing orders of the Public Service Commission is to determine the lawfulness or reasonableness of the order. The lawfulness of the order depends primarily on whether the Commission had statutory authority and power to issue the order; and for the order to be reasonable

it must have been based upon competent and substantial evidence upon the whole record. State ex rel. City of West Plains v. Public Service Commission, 310 S.W.2d 925, Mo.Sup.; State ex rel. Chicago, Rock Island & Pacific Railroad Company v. Public Service Commission, 312 S.W.2d 791, Mo.Sup.".

The court also there stated that the order of the Commission is prima facie *law ful and reasonable*, and that the issues raised on appeal in a case of this kind are not triable de novo. We do not weigh the evidence nor do we substitute our judgment for that of the commission. The commission has authority to grant Certificates of Public Convenience and Necessity to gas public utilities upon finding that same are necessary or convenient for the Public Service. Section 393.170 Mo.Supp. 1967, V.A.M.S.

■ Complaint is made that, because McDonald County is rough, rocky and mountainous, it was unwise and, in effect, unlawful for the commission to include within the grant of a certificate any territory not within the towns mentioned, or within a few hundred feet of the main line of Cities Service Company. This for the reason that the cost of constructing lines for service would be prohibitive. We do not agree that the commission acted unreasonably in this respect. It is a matter of common knowledge that the telephone and electric companies refused to consider servicing the rural areas of America for many years, as being wholly unfeasible. It is also a matter of common knowledge that, when the government established rural electrification and telephone lines throughout the rural areas of all America, the utilities sought to regain profitable territory once thought to be worthless for revenue producing purposes. The commission has power to grant "area" certificates. State ex rel. Harline v. Public Service Commission, Mo.App., 343 S.W.2d 177. It was within the power of the commission to grant a certificate covering the main line of a utility and reasonable distances in the

area adjacent thereto. That is a question of policy that should be left to the sound discretion of the commission. We cannot say that the commission abused its discretion in granting a certificate covering 90.5 square miles under the circumstances shown here.

 There was credible evidence which tended to prove that the construction of facilities for conducting a gas distribution business in the towns involved is financially feasible. We will not disturb the finding in that respect.

The commission found and stated as follows:

"In the granting of any certificate of convenience and necessity, this Commission is charged to consider the effect the grant will have upon the general public. In many cases involving certificates for water, sewer, electricity and gas service, this does not present a problem in that most or all are in favor and none or few are against. Scientific advancement and technology have made these utilities more of a necessity rather than a luxury. It must be noted that in this case the apparent adverse result is the possibility of an increased price for the remaining LPG customers. For this Commission to deny the prospective customers of the Applicant the advantages of a lower priced fuel would not be in the interest of the general public. We conclude that the grant of authority will be in the public interest".

We approve of that declaration and hold that the action of the commission in this case was lawful and reasonable, within the limits of substantial evidence and within the power of the commission, in the exercise of its sound discretion.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.