The **EMPIRE DISTRICT ELECTRIC COMPANY, a Kansas Corporation, Plaintiff-Respondent,**

v.

**Wendell F. COX and Marie L. Cox, his wife, Defendants-Appellants.**

No. 10861.

Missouri Court of Appeals, Southern District, Division One.

Oct. 4, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 17, 1979.

Application to Transfer Denied Nov. 14, 1979.

---

David E. Dwyer, Spencer, Scott & Dwyer, Joplin, Robert L. Hawkins, Jr., James C. Swearengen, Hawkins, Brydon & Swearengen, P. C., Jefferson City, for plaintiff-respondent.

Eugene E. Andereck, Allen W. Baker, Stockard, Andereck, Hauck, Sharp & Evans, Jefferson City, for defendants-appellants.

TITUS, Presiding Judge.

Defendants are owners of a 104 acre tract of land (approximately) located adjacent to Missouri Highway 76, near Branson, Taney County, Missouri.

Plaintiff is a public utility licensed to do business in Missouri. Also, plaintiff is certified by the Missouri Public Service Commission (P.S.C.) to provide electrical utility service in specified areas in southwest Missouri.

On July 16, 1974, plaintiff filed a petition in condemnation of defendants' property in the Circuit Court of Taney County. Plaintiff sought to condemn, for use as an elec-

tric utility line easement, a strip of land, (30′ × 3303′) lying on the easternmost edge of defendants' property.

The Circuit Court of Taney County entered its order condemning the property of defendants. Exceptions to the appointed commissioners' report were filed by both parties. Following trial, after transfer to the Circuit Court of Polk County on the exceptions, the jury assessed damages in favor of defendants of $12,000.00.

It is this order of condemnation, and the subsequent judgment entered upon the jury verdict, from which the defendants appeal.

Defendants' first point relied on [labeled "Points and Authorities", in contravention of the mandates of Rule 84.04(d)] [1], is: "The Court erred in ignoring the expressed legislative direction of section 393.170(3) (that unless exercised within a period of two years from the grant thereof that authority conferred by a certificate of convenience and necessity issued by the commission shall be null and void) . . . ." Following this general statement of error are listed six sub-points defining with particularity the manner in which defendants have been allegedly aggrieved, with citations to 23 authorities in support of their contentions. Defendants' three major sub-points asseverate, in substance, that (a) defendants were deprived of their property without just compensation because plaintiff held no valid certificate of convenience and necessity upon which its condemnation action could be supported, (b) defendants were deprived of their property without due process of law because the court's decision permitted plaintiff to take and damage defendants' property without requiring plaintiff to produce and prove a valid certificate of convenience and necessity, and, (c) defendants were deprived of the contract rights which they had or were entitled to have under the deeds to their property because the court allowed plaintiff to take and damage their property without requiring plaintiff to produce and prove a valid certificate of convenience and necessity. All of the three major sub-points are followed by a single sub-point, each alleging that defendants have been deprived of the forum in which to challenge plaintiff's claim of a need for public use of defendants' land as contemplated in Chapter 393.

When reduced to essentials, it is apparent that defendants' first point relied on is bottomed on the premise that plaintiff was acting in disregard to the dictates of § 393.170(3) which require plaintiff to obtain a certificate of convenience and necessity before beginning construction of an "electric plant", as defined in § 386.020(12), under which, by definition, both parties agree, plaintiff's construction of power lines across defendants' land would be included. In addition, § 393.170(3) requires that, "[u]nless exercised within a period of two years from the grant thereof authority conferred by such certificate of convenience and necessity issued by the commission shall be null and void."

Plaintiff's actions in the condemnation proceedings and the subsequent construction of electric lines across defendants' land were based on a certificate of convenience and necessity validly issued to plaintiff by the P.S.C. in 1937, pursuant to an order issued by it in Case Number 9420. Thus, for a period of many years, plaintiff has, pursuant to the "area certificate" issued in 1937, continued to furnish electric service in specified areas in southwest Missouri, including Taney County, the county in which defendants' property is located.

The central issue presented by defendants' first point relied on, and each subpoint thereto, is: Does a certificate of convenience and necessity issued to a public utility by the P.S.C. pursuant to § 393.170, and exercised within a period of two years from the grant thereof, become null and void after two years? Or, stated another way, does § 393.170 require, at minimum, a reexamination every two years of each certificate of convenience and necessity issued by the P.S.C. and a concomitant showing by the public utility that there still exists a

---

1. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to Revised Statutes of Missouri 1969, V.A.M.S.

"public convenience and necessity" which would warrant allowing the utility to continue its operations as mandated by the certificate issued by the commission two years previously?

■ While orders of the P.S.C. are subject to judicial review (§ 386.510) the court is confined upon review to a determination of whether, on the facts before it, such order is reasonable and lawful. If the reviewing court finds the order both reasonable and lawful, its duty is to affirm it. If the order be found to be either unreasonable or unlawful, it should be set aside. *State ex rel. Interstate Transit Lines v. Public Service Commission*, 234 Mo.App. 554, 562, 132 S.W.2d 1082, 1086[3, 4] (1939). The court below has no authority to interfere with reasonable orders of the P.S.C. when supported by facts found on competent evidence [*State ex rel. City of St. Louis v. Public Service Commission of Missouri*, 329 Mo. 918, 927, 47 S.W.2d 102, 104[3] (banc 1931)], nor may it weigh evidence or substitute its judgment for that of the commission. *State ex rel. Webb Tri-State Gas Co. v. Public S. Com'n*, 452 S.W.2d 586, 588[2] (Mo.App.1970).

In applying the two-pronged "lawful and reasonable" test, we are given guidance in determining whether the commission's actions meet these criteria in *State ex rel. Utility Consumers Council v. Pub. Serv. Com.*, 562 S.W.2d 688, 692[2, 3] (Mo.App. 1978). Here the court interpreted § 386.-510, in providing for judicial review of administrative action to determine the "reasonableness or lawfulness" of the action, to mean that an administrative order is lawful if the commission had statutory authority to issue it and the order is reasonable if it is supported by competent and substantial evidence on the whole record. See also, *State ex rel. Ozark Electric Co-op. v. Public Service Com'n*, 527 S.W.2d 390, 392[1, 2] (Mo. App.1975) and cases cited therein.

■ The defendants admit, in their brief and on oral argument, that the order issued by the commission in 1937 was lawful. We find, too, that issuance of an "area" or "blanket" certificate by the P.S.C., as was the subject certificate here, is an appropriate use of the powers delegated to it by the legislature. *State ex rel. Harline v. Public Service Commission of Missouri*, 343 S.W.2d 177, 182[8] (Mo.App.1960); *State ex rel. Webb Tri-State Gas Co. v. Public S. Com'n*, supra, 452 S.W.2d at 588[4].

■ The burden of proving that the commission acted unreasonably or unlawfully was clearly on defendants. § 386.430; *State ex rel. City of St. Louis v. Public Service Commission of Missouri*, 335 Mo. 448, 73 S.W.2d 393, 397[2] (banc 1934). In admitting that the 1937 certificate was issued lawfully, defendants fail to shoulder the burden of proving that at least one tine of the two-pronged test is not met by the commission. The only remaining test, then, is to determine whether the commission acted reasonably.

In order for this court to find that the commission acted unreasonably, thereby finding that the P.S.C. failed at least one prong of the test of acting "lawfully and reasonably", we must find that, when issued, the 1937 order and its accompanying certificate of convenience and necessity were not supported by competent and substantial evidence on the whole record. *State ex rel. Ozark Electric Co-op. v. Public Service Com'n*, supra, 527 S.W.2d at 392[1]. This we cannot do. Proper notice and hearing were provided. Evidence was taken. A record was made. Much investment has been made pursuant to, and benefit derived from, the issuance of this 1937 order and certificate. We are unable to hold now that the commission's 1937 finding was not supported by competent and substantial evidence when made and therefore was "unreasonable."

■ In the face of analysis which unsuccessfully establishes that the commission acted contrary to statute in issuing the 1937 order and certificate, defendants next ask the court to find that the commission's (and the circuit court's) interpretation of § 393.-170(3), specifically in regard to the two year provision, is incorrect. "The interpretation given an *ambiguous* statute [assuming, ar-

guendo, that § 393.170(3) is ambiguous] by an agency or branch of government charged with its execution or administration is entitled to great weight in judicially ascertaining legislative intent, and, concomitantly, in resolving the statutory ambiguity." *State ex rel. School Dist. of Kansas City v. Young*, 519 S.W.2d 328, 333[5] (Mo.App. 1975); *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197[3] (Mo. banc 1972); see also *State ex rel. Curators of Univ. of Mo. v. Neill*, 397 S.W.2d 666 (Mo. banc 1966).

The courts of this state have held that once a public utility has been certificated to serve a defined area, then the utility need not seek a new certificate each time an extension within that certificated area is deemed necessary in order to effectively serve the dictates of "public convenience and necessity" within that defined and certificated area. *Public Service Commission v. Kansas City P. & L. Co.*, 325 Mo. 1217, 1226, 31 S.W.2d 67, 71[6] (banc 1930); *State ex rel. Doniphan Telephone Company v. Public Service Commission*, 377 S.W.2d 469, 474[5] (Mo.App.1964); *State ex rel. Harline v. Public Service Commission of Missouri*, supra, 343 S.W.2d 177. See also *State ex rel. Utility Consumers Council v. Pub. Serv. Com.*, supra, 562 S.W.2d 688. Plaintiff, in 1937 and to this day has operated within the area certificated to it by the 1937 order and certificate.

Alternatively, defendants urge that we find implied in § 393.170(3) a requirement that public utilities serving our state must come before the P.S.C. every two years, reestablish or reassert the "public convenience and necessity" which they propose to serve and become, if again qualified, re-certificated or re-approved to continue operations in the area in which they had been serving. This would allow, it is urged, the P.S.C. to more effectively serve as a guardian of the public "convenience and necessity." It is not within the province of this court to impose such an additional requirement on the P.S.C. nor on the public utilities which it seeks to regulate. Attention is drawn again to this court's function on review, as discussed supra. We are not, nor should we be, in the business of imposing our views, absent lawlessness or unreasonableness, on the functioning of the commission. "In providing for a review by the courts of these administrative orders, the Legislature did not intend that the reviewing court should put itself in the place of the commission, try the matter anew as an administrative body, weigh the evidence and substitute its finding and judgment on the merits for that of the commission. Upon review the court is 'not concerned with the expediency or wisdom of the order made,' and we have no authority to set it aside on our own conception of its wisdom. The sole matter for a court's determination is whether the order complained of is reasonable and lawful, and, if it appears that the order is 'both reasonable and lawful,' it must be affirmed." *State ex rel. Kansas City Power & Light Co. v. Public Service Commission*, 335 Mo. 1248, 1265, 76 S.W.2d 343, 350–351 (1934).

Defendants urge that lack of specific review of a certificate of convenience and necessity issued to a public utility over forty years ago, especially in view of the drastically changed circumstances taking place in the certificated area during this span of time, is, in and of itself, sufficient reason to require a new public hearing and issuance of a new order and certificate if supported by the evidence. It is on these public policy bases that it is urged that the judgment of the lower court be overturned. Defendants' philosophical position is not without merit. However, in deciding this type of public policy question, the proper forum would be the state legislature, not these courts.

Defendants' first point is denied.

Defendants' final two points relied on complain of the method used to arrive at a valuation of the property condemned by plaintiff for public use. Point II asserts that testimony was improperly heard which valued the subject property based on more than one use of the property. Point III asserts that plaintiff's witnesses valued defendants' condemned property, and testified as to its value, based, in part, on informa-

tion which they received from third parties. Defendants claim this information was not gathered and verified by plaintiff's own witnesses, but consisted instead of the statements of third parties made to plaintiff's witnesses in regard to sales and selling prices of land situate similarly to that of defendants. This, defendants assert, introduced incompetent hearsay testimony into evidence.

■ Defendants claim error in their second point relied on in that the court allowed plaintiff's witnesses to testify concerning the fair market value of defendants' property based upon more than one use. A careful reading of the trial transcript reveals, however, that defendants, in putting on their case first, elicited from their expert witness that the subject property could be put to "commercial and residential, or . . . all commercial [use] . . . [d]epend[ing] on who develops it and what he wants to develop it into." Defendants clearly established and developed in their own case-in-chief the very thing complained of on appeal. Additionally, during cross-examination of this witness on the subject of more than one use of the subject property, counsel for defendants made no objection. No complaint will lie now.

As this court has had occasion before to state, in *State ex rel. State Highway Commission v. Mink*, 292 S.W.2d 940, 944[7] (Mo. App.1956), "The law is that in determining the award for condemnation, it is proper for the jury to take into consideration *all uses* for which condemnees' property is suitable and adaptable, having regard to existing business or wants of the community, or such as may be reasonably expected in the immediate future." (emphasis supplied). See also *State ex rel. Board of Regents for Central Missouri State College v. Moriarty*, 361 S.W.2d 133, 135–136 (Mo.App.1962) and *Missouri Edison Company v. Gamm*, 379 S.W.2d 166, 171 (Mo.App.1964).

Defendants' second point is denied.

Mindful as we are of the need to prevent incompetent evidence from being introduced into the record, we must consider the context, as well as the content, of the allegedly prejudicial evidence as admitted. Defendants' third point relied on asserts error at trial was made by admitting prejudicial hearsay testimony into evidence. Following a conference held on the record, counsel for defendants had opportunity to make and explain a continuing objection to the introduction into evidence of specific sale prices of tracts of land situate similarly to that of defendants. Over this continuing objection by defendants, plaintiff's expert witness testified as to the value of defendants' property and recited on numerous occasions the sales price for these other similarly situate parcels of land. It is this recitation to which defendants object as being hearsay and grounds for error on this appeal.

The learned judge at trial, as well as counsel for both parties, was well aware of, and made reference to, the dispositive case on this very issue, *State ex rel. State Hwy. Com'n v. Jasper*, 544 S.W.2d 554, 555 (Mo. banc 1976). The issue in this case was identical to the instant case: "The court erred in admitting over proper objection hearsay evidence by [plaintiff's] expert witnesses as to the purchase prices of comparable sales."

■ Though it is a basic rule of evidence that a witness may not narrate supposed facts told to him by another, when such evidence is offered to prove the truth of the matter asserted, nevertheless an expert testifying on values may base his opinions in part upon investigation and inquiries concerning other sales. In this context, these things merely enter into the witness' general qualifications and experience, and constitute background material. *State ex rel. State Highway Commission v. Barron*, 400 S.W.2d 33, 38[17] (Mo.1966). Testimony given by an expert in explaining the basis of his opinion of value, even when logically relevant, tends to suggest collateral considerations. Yet, any disadvantage which might result from the use of such evidence is more than compensated by the advantage of a more enlightened basis for its ultimate determination of value. It is therefore

within the wise discretion of the trial judge to establish the boundaries within which this type of testimony will be heard [see *State ex rel. State Highway Commission v. Barron,* supra; *State ex rel. State Highway Commission v. Bloomfield Tractor Sales, Inc.,* 381 S.W.2d 20, 24 (Mo.App.1964)], and to exercise care that false issues are not suggested and that the jury is not otherwise misled. *In re Armory Site in Kansas City,* 282 S.W.2d 464, 472[17] (Mo.1955).

■ The ultimate issue for consideration here is whether the circumstances surrounding the admission of this testimony concerning "comparable sales" were such that these sales were properly identified as being only one of the background factors upon which the expert witness had based his opinion and thus were in conformity with existing law. The record before us reflects that this was the case and that no error on this point may be found.

In eliciting the sales price of "comparable sales" from its expert witnesses, on each occasion counsel for plaintiff prefaced his inquiry regarding price, or incorporated in his questioning of the witness, a question almost identical to the following: "Did you use the price of this [comparable] sale to establish background information and as a guideline in reaching your opinion concerning the value of the [defendants'] property?" No fewer than seven times during the questioning of one witness alone did counsel incorporate these or similar words to establish that the witness was using many factors, including prices of comparable sales, to formulate the basis of his expert opinion. This fact could not have been lost on the jury. The trial court undoubtedly took these circumstances into consideration in making its ruling. We find no error. Defendants' third point is denied.

Judgment affirmed.

All concur, except FLANIGAN, C. J., recused.