STATE ex rel. REX DEFFENDERFER
ENTERPRISES, INC., Appellant,

v.

PUBLIC SERVICE COMMISSION OF
the STATE OF MISSOURI,
Respondent.

No. WD 41764.

Missouri Court of Appeals,
Western District.

Sept. 19, 1989.

---

Paul Anthony Boudreau, Jefferson City, for appellant.

William Keith Haas, Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Rex Deffenderfer Enterprises, Inc., appeals an order of the Circuit Court of Cole County which affirmed a Report and Order of the Missouri Public Service Commission (the Commission). The Commission granted to appellant a Certificate of Convenience and Necessity (Certificate), pursuant to § 393.170,[1] to construct and operate a water system in an unincorporated area of Christian County, Missouri, thus altering the boundaries of appellant's existing certificate.

Appellant is a Missouri corporation and is a public utility regulated by the Commission. Appellant filed with the Commission a verified Application for authority to alter the boundaries of its existing Certificate of Convenience and Necessity to enable it to serve an unincorporated area of Christian County, Missouri. This process is required by § 393.170.

The Commission entered an Order on November 24, 1987, directing that notice of the Application be sent to the proper parties and further establishing an intervention deadline of December 24, 1987. The City of Nixa, Missouri, filed a Motion to Intervene Out of Time on January 20, 1988. Negotiations were had between the Staff of the Commission (Staff) and appellant. Appellant then filed a First Amended Application on April 29, 1988. On May 29,

1988, the Staff filed its recommendation that the First Amended Application be approved.

On June 17, 1988, the Commission entered its Report and Order granting to appellant the authority to serve the area described in the application and denying the City of Nixa's Motion to Intervene. On June 20, 1988, the City of Nixa filed a Withdrawal of its Motion to Intervene.

On July 28, 1988, appellant timely filed an Application for Writ of Review with the Circuit Court of Cole County, Missouri, which was denied.

Even though this case comes before the Court as an appeal of the decision of the Circuit Court, it is the decision of the Commission, not the judgment of the Circuit Court that is the actual subject of review. *State ex rel. Marco Sales, Inc. v. Public Service Comm'n,* 685 S.W.2d 216, 218 (Mo. App.1984). The scope of review is as set out in § 386.510; that is, whether the Commission's decision is lawful and reasonable. The Commission's decision is lawful if there is statutory authority for its issuance. *State ex rel. Utility Consumers Council of Missouri, Inc. v. Public Service Comm'n,* 585 S.W.2d 41, 47 (Mo. banc 1979). The Commission's decision is reasonable if it is supported by competent and substantial evidence on the record as a whole. *Id.* Orders of the Commission are "prima facie" lawful and reasonable. § 386.270.

In this appeal appellant alleges that the Commission erred as a matter of law by not holding a hearing on its Application for authority to alter the boundaries of its existing Certificate as required by § 393.170.3. Section 393.170.3 provides in relevant part as follows:

> The commission shall have the power to grant the permission and approval herein specified whenever it shall *after due hearing* determine that such construction or such exercise of the right, privilege or franchise is necessary or convenient for the public service. (Emphasis added.)

---

1. All statutory references are to RSMo 1986.

The specific question presented is what constitutes "due hearing" as required in § 393.170.3. The Missouri Supreme Court has held that the meaning of the term hearing in a particular case is to be determined by the character of its use as either a participle or a noun and when used as a noun it contemplates an adversary proceeding. *City of Richmond Heights v. Board of Equalization of St. Louis County,* 586 S.W.2d 338, 342–43 (Mo. banc 1979). In *City of Richmond Heights,* at 342–43, the Missouri Supreme Court excerpted from the following definition of "hearing":

> In a broader and more popular signification, [hearing] means the session of any court, or any adjunct thereof, for considering the proofs in a case; and it embraces every step therein where the judge is called upon to rule for or against any party to the cause. In this sense, it presupposes a proceeding before a competent tribunal for the *trial of issues* between *adversary parties,* the presentation and the consideration of proofs and arguments, and determinative action by the tribunal with respect to the issues ... 'Hearing' involves an *opposite party;* ... it contemplates a listening to facts and evidence for the sake of *adjudication* ... The term has been held synonymous with 'opportunity to be heard'. (Emphasis added.) 39A C.J.S. Hear, p. 632, et seq.

The term hearing is used as a noun in § 393.170.3 and the Commission's actions in this case were consistent with that use. The Commission set an intervention deadline of December 24, 1987. The Commission's Order stated that in the event no proper party filed an application to intervene and neither the Commission Staff nor the office of Public Counsel requested a hearing on or before December 24, 1987, the Commission would allow appellant to submit its evidence in support of the Application by verified statement. Appellant's Application was verified. In its Report and Order the Commission correctly determined that the requirement for a hearing contained in § 393.170 was met when the opportunity for hearing was provided and no proper party requested the opportunity to present evidence. There were no adverse parties and under the circumstances of the case at bar it was proper for the Commission to grant appellant's Certificate on the basis of appellant's verified Application after affording notice and an opportunity to be heard to all proper parties.

The Report and Order of the Missouri Public Service Commission granting appellant's Certificate of Convenience and Necessity is affirmed.

All concur.