STATE of Missouri, ex rel., OZARK
BORDER ELECTRIC COOP-
ERATIVE, Appellant,

v.

PUBLIC SERVICE COMMISSION
OF MISSOURI, Respondent,

Union Electric Company and City
of Poplar Bluff, Missouri,
Intervenors–Respondents.

No. WD 52085.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Patrick A. Baumhoer, Victor S. Scott, Andereck, Evans, Milne, Peace & Baumhoer, Jefferson City, Mark A. Kennedy, Poplar Bluff, for appellant.

Aisha Ginwalla, Assistant General Counsel, for respondent Missouri Public Service Com'n.

Gary W. Duffy, Mark G. Anderson, Brydon, Swearengen & England, P.C., Jefferson City, William J. Niehoff, St. Louis, for respondent Union Elec. Co.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Ozark Border Electric Cooperative (Ozark) appeals from an order of the Missouri Public Service Commission dismissing a complaint filed by Ozark. Ozark claims the Commission erred in: 1) dismissing the complaint for failure to allege a violation of law, rule, or commission order as required by section 386.390 RSMo 1994;[1] 2) dismissing the complaint for failure to allege a substantial change in circumstances because section 394.312.6 does not require such an allegation; and 3) in finding that Ozark had sufficient notice and opportunity to intervene in Case EM–94–90.

The judgment is affirmed.

---

1. All statutes cited are to RSMo 1994, unless otherwise stated.

On September 7, 1993, Union Electric and Poplar Bluff entered into a territorial agreement. On September 13, 1993, they filed a joint application requesting Public Service Commission approval of the sale of Union Electric's facilities to Poplar Bluff and approval of the territorial agreement. The Public Service Commission then gave public notice of the proceedings and invited intervention and comment from anyone regarding the proposed sale and Territorial Agreement. On December 1, 1993, a hearing was conducted by the Public Service Commission for the purpose of accepting evidence in support of the application. No parties intervened in the proceeding. Statements were made on behalf of Union Electric and the City of Poplar Bluff. The contract for purchase and a stipulation and agreement between the parties were admitted into evidence. On December 3, 1993, the Public Service Commission found that the territorial agreement was not against the public interest and authorized and approved the sale and agreement. The Commission issued its report and order authorizing the contract for purchase.

On December 30, 1994, a year later, Ozark filed a complaint with the Public Service Commission alleging that the territorial agreement between Union Electric and Poplar Bluff was no longer in the public interest because: 1) it increased duplication of electric distribution facilities; 2) the City of Poplar Bluff lacked the long term capability of adequately serving the electrical needs of all consumers within the territory covered by the territorial agreement; and 3) because the Commission did not hold sufficient hearings to satisfy the hearing requirement under section 394.312.4.

The Public Service Commission notified Union Electric and Poplar Bluff of the complaint and informed them to file responses to the complaint in accordance with Commission procedure. Poplar Bluff filed a motion to dismiss Ozark's complaint. On March 7, 1995, the Commission issued an order dismissing Ozark's complaint finding that: (1) the complaint did not allege a violation of law, rule or commission order as required by section 386.390; and (2) it failed to allege a substantial change in circumstances since the

approval of the territorial agreement that would invoke the Commission's jurisdiction under section 394.312.6.

Ozark filed a motion for rehearing in the Circuit Court of Cole County. The court entered an order affirming the Commission's order dismissing the complaint. This appeal follows.

## I. Standard of Review

■■■ On appeal, appellate courts review the decision of the administrative agency, not the judgment of the trial court. *Clark v. Reeves*, 854 S.W.2d 28, 31 (Mo.App.1993). The scope of review is limited to determining whether the Commission's order was lawful and reasonable based on substantial and competent evidence. *State ex rel. Office of Pub. Counsel v. Missouri Pub. Serv. Comm'n*, 884 S.W.2d 311, 314 (Mo.App.1994). The Commission's order is presumptively valid, and the burden is on the challenger to disprove its validity. *Id.*

## II. Compliance with Section 386.390

■■ Ozark claims as its first point on appeal that the Commission's order was unlawful in requiring the complaint to comport with the requirements of section 386.390.1. Ozark asserts that for the Commission to unilaterally assimilate the requirements of section 386.390 into section 394.312.6, under which the complaint was filed, is unlawful and unreasonable.

However, the Commission did not assimilate the requirements of section 386.390 with section 394.312. Section 394.312.6 gives the Commission jurisdiction to hear complaints involving approved territorial agreements. Section 386.390 is the general complaint statute. In pertinent part section 386.390.1 reads:

Complaint may be made ... in writing, setting forth any act or thing done or omitted to be done by any corporation, person or public utility, including any rule, regulation or charge heretofore established or fixed by or for any corporation, person or public utility, in violation, or claimed to be in violation, of any provisions of law, or of any rule or order or decision of the commission;

Ozark reads the Commission's order as requiring a complainant to allege a violation of law, rule or commission order under 394.312.6. However, this is an incorrect reading of the Commission's order. The Commission's order stated:

> Ozark alleged that the territorial agreement is no longer in the public interest because it increases duplication of electric distribution facilities in the area, and because the City lacks the long term capability to adequately service the electrical need of all of the consumers in the assigned area. Neither of these allegations constitutes a violation of law, rule or Commission order as required by Section 386.390 RSMo. The objections Ozark has raised are among the types of objections properly considered in the original proceeding, Case No. EM–94–90.

> Furthermore, Ozark has not alleged facts indicating that there has been a substantial change in circumstances since the territorial agreement was approved 15 months ago. If such a substantial change had taken place in the facts surrounding a territorial agreement, a party might successfully invoke the Commission's jurisdiction to review the agreement pursuant to Section 394.312.6.

> Since Ozark has not alleged facts indicating a substantial change in circumstances, and has not alleged a violation of law, rule or commission order, the Commission is of the opinion that its Complaint should be dismissed.

The Commission's order reflects that it considered two alternative means by which the Commission could have jurisdiction over the complaint. If the complaint had met the requirements of either statute, the Commission would have reviewed the agreement. The Commission did not combine the requirements of the statutes but instead examined each statute separately to determine whether Ozark's complaint asserted actionable allegations under either. Thus, the Commission examined the complaint to determine whether it asserted actionable allegations under the more specific complaint statute for territorial agreements, and

whether it invoked the Commission's jurisdiction under the general complaint statute.

The Commission found that the complaint did not allege a change in circumstance, thereby precluding jurisdiction under section 394.312.6. It then considered whether the complaint evoked jurisdictional authority under 386.390.1. The Commission determined that under this section the complaint did not contain an allegation of violation of law, rule or commission order and, therefore, jurisdiction was improper. Nothing in the Commission's order required that the complaint allege such violation under section 394.312.6.

The Commission's analysis of whether the general complaint statute was an alternative manner in which jurisdiction could be invoked was not error.

Point I is denied.

### III. Substantial Change in Circumstances

■ Ozark's second point on appeal claims the Commission erred in dismissing the complaint for failure to allege a substantial change in circumstances since the territorial agreement was approved, because section 394.312.6 does not require a substantial change in circumstances. The Commission found that to invoke the jurisdiction of the Commission under section 394.312, Ozark was required to allege a change of circumstances since the approval of the territorial agreement. Although the statute does not specifically mandate that changed circumstances must be alleged, the requirement is implicit within the statutory scheme.

■ When interpreting a statute, the provisions of the legislative act must be construed and considered together, if possible, harmonizing all provisions and giving some meaning to each clause. *State ex rel. Mobile Home Estates, Inc. v. Pub. Serv. Comm'n of Missouri*, 921 S.W.2d 5, 10–11 (Mo.App. 1996). Related clauses must be considered when construing a particular portion of the statute. *State ex rel. Foster v. Morris*, 913 S.W.2d 85, 86 (Mo.App.1995). The legislature is presumed not to intend an unreasonable or absurd result but a logical one. *Id.*

Section 394.312.4 in part provides that review of Commission decisions is governed by section 386.500 to 386.550. The most relevant clause is contained within 386.550 which states, "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive." This statute is indicative of the law's desire that judgments be final. *State ex rel. Harline v. Pub. Serv. Comm'n,* 343 S.W.2d 177, 184 (Mo.App.1960). A judgment of a court having jurisdiction cannot be impeached collaterally. *Id.*

This statutory provision makes a decision of the Commission immune to collateral attack. If a complaint does not allege a change in circumstance it would be in conflict with this section providing for finality. If a change in circumstance has occurred since the last order, the complaint would not be attacking the previous order and would not be in conflict with section 396.550. It would be an independent proceeding to determine whether the change in circumstances causes the territorial agreement to no longer be in the public interest. If a change in circumstance were not required, section 386.550, which specifically applies to 394.312, would have no effect. The legislature is presumed not to enact legislation that would result in meaningless provisions. *Wollard v. City of Kansas City,* 831 S.W.2d 200, 203 (Mo. banc 1992).

As part of its argument, Ozark asserts that it cannot allege a change of circumstances because at the time of the original approval of the territorial agreement, a proper hearing was not conducted, and they could not determine what circumstances had changed. However, a hearing is sufficient if parties are offered the opportunity to intervene and request a hearing but no party requests to present evidence. *State ex rel. Deffenderfer Enterprises, Inc. v. Pub. Serv. Comm'n,* 776 S.W.2d 494, 496 (Mo.App. 1989). The Commission ordered notice sent to Butler County and to area publications. The PSC was not required to give Ozark personal service of the notice. *Harline,* 343 S.W.2d at 184. After proper notice each party presented argument and filed a stipulation and agreement with the commission.

This was sufficient to constitute a hearing. Ozark could have intervened in the first proceeding if it had so chosen. Having chosen not to participate in the original proceeding, Ozark cannot collaterally attack the decision.

Ozark must allege a change in circumstance to invoke the jurisdiction of the Commission under 394.312.6. Otherwise, their complaint would amount to a collateral attack on the final order of the commission, which is prohibited. The Commission did not err in dismissing the complaint for failure to meet this requirement.

### IV. Notice

In its final point on appeal Ozark claims that the Commission erred in finding that there was sufficient notice and opportunity to intervene in Case EM–94–90, the original action approving the territorial agreement, and that such notice prohibits Ozark from filing the current complaint. As noted earlier, the Commission was not required to give personal notice to Ozark. *Harline,* 343 S.W.2d at 184. However, this issue was not raised in Ozark's motion for rehearing before the PSC, nor was it addressed within its petition for writ of review in the circuit court. "The applicant shall not in any court urge or rely on any ground not so set forth in its application for rehearing." Section 386.500.2. This court's review is limited to the grounds raised in Ozark's application for rehearing. *State ex rel. International Telecharge, Inc. v. Missouri Pub. Serv. Comm'n,* 806 S.W.2d 680, 687 (Mo.App.1991). Ozark's third point will not be considered on appeal.

The order of the Public Service Commission is affirmed.

All concur.